Westlaw.

Page 1

18 Misc.3d 1123(A), 856 N.Y.S.2d 497, 2008 WL 253926 (N.Y.Sup.), 2008 N.Y. Slip Op. 50176(U)
(Table, Text in WESTLAW), Unreported Disposition
(Cite as: 18 Misc.3d 1123(A), 2008 WL 253926 (N.Y.Sup.))

C
(The decision of the Court is referenced in a table in the New York Supplement.)

Supreme Court, Kings County, New York.
DEUTSCHE BANK NATIONAL TRUST COMPANY As Trustee under the Pooling and Servicing Agreement Series Index 2006–AR6, Plaintiff,
v.
Ramash MARAJ a/k/a Ramish Maraj, et al., Defendants.

No. 25981/07.
Jan. 31, 2008.

Kevin M. Butler, Esq., Eschen Frenkel Weisman & Gordon, De Rose & Surico, Bayside NY, for Plaintiff.

No Opposition submitted by defendants to plaintiff's Judgment of Foreclosure and Sale.

ARTHUR M. SCHACK, J.
*1 Plaintiff's application, upon the default of all defendants, for an order of reference for the premises located at 255 Lincoln Avenue, Brooklyn, New York (Block 4150, Lot 19, County of Kings) is denied without prejudice, with leave to renew upon providing the Court with a satisfactory explanation to various questions with respect to the July 3, 2007 assignment of the instant mortgage to plaintiff, **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT SERIES INDEX 2006–AR6 ( DEUTSCHE BANK** ). The questions deal with: the employment history of one Erica Johnson–Seck, who assigned the mortgage to plaintiff DEUTSCHE BANK, and then subsequently executed the affidavit of facts in the instant application as an officer of DEUTSCHE BANK; plaintiff DEUTSCHE BANK's purchase of the instant non-performing loan; and, why INDYMAC BANK, F.S.B., (INDYMAC), Mortgage Electronic Registration Systems, Inc. (MERS), and DEUTSCHE BANK all share office space at Building B, 901 East 104th Street, Suite 400/500, Kansas City, MO 64131 (Suite 400/500).

Defendant RAMASH MARAJ borrowed $440,000.00 from INDYMAC on March 7, 2006. The note and mortgage were recorded in the Office of the City Register, New York City Department of Finance on March 22, 2006 at City Register File Number (CRFN) 2006000161303. INDYMAC, by Mortgage Electronic Registration Systems, Inc. (MERS), its nominee for the purpose of recording the mortgage, assigned the note and mortgage to plaintiff DEUTSCHE BANK, on July 3, 2007, with the assignment recorded on September 5, 2007 at CRFN 2007000457140.

According to plaintiff's application, defendant MARAJ's default began with the nonpayment of principal and interest due on March 1, 2007. Yet on July 3, 2007, more than four months later, plaintiff DEUTSCHE BANK accepted the assignment of the instant non-performing loan from INDYMAC. Further, both assignor MERS, as nominee of INDYMAC, and assignee DEUTSCHE BANK list Suite 400/500 on the July 3, 2007 Assignment as their "principal place of business." To compound corporate togetherness, page 2 of the recorded Assignment, lists the same Suite 400/500 as the address of INDYMAC.

The Assignment by MERS, on behalf of INDYMAC, was executed by Erica Johnson–Seck, Vice President of MERS. The notary public, Mai La Thao, stated in the jurat that the assignment was executed in the State of Texas, County of Williamson (Williamson County is located in the Austin metropolitan area, and its county seat is Georgetown, Texas). The Court is perplexed as to why the assignment was not executed in Kansas City, the alleged "principal place of business" for both the assignor and the assignee.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

18 Misc.3d 1123(A), 856 N.Y.S.2d 497, 2008 WL 253926 (N.Y.Sup.), 2008 N.Y. Slip Op. 50176(U)
(Table, Text in WESTLAW), Unreported Disposition
(Cite as: 18 Misc.3d 1123(A), 2008 WL 253926 (N.Y.Sup.))

Twenty-eight days later, on July 31, 2007, the same Erica Johnson–Seck executed plaintiff's affidavit submitted in support of the instant application for a default judgment. Ms. Johnson–Seck, in her affidavit, states that she is "an officer of **Deutsche Bank National Trust Company** as Trustee under the Pooling and Servicing Agreement Series INDX 2006–AR6, the plaintiff herein." At the end of the affidavit she states that she is a Vice President of **DEUTSCHE BANK**. Again, Mai La Thao is the notary public and the affidavit is executed in the State of Texas, County of Williamson. The Erica Johnson–Seck signatures on both the July 3, 2007 assignment and the July 31, 2007 affidavit are identical. Did Ms. Johnson–Seck change employers from July 3, 2007 to July 31, 2007, or does she engage in self-dealing by wearing two corporate hats? The Court is concerned that there may be fraud on the part of plaintiff DEUTSCHE BANK, or at least malfeasance. Before granting an application for an order of reference, the Court requires an affidavit from Ms. Johnson–Seck, describing her employment history for the past three years.

*2 Further, the Court requires an explanation from an officer of plaintiff DEUTSCHE BANK as to why, in the middle of our national subprime mortgage financial crisis, DEUTSCHE BANK would purchase a non-performing loan from INDYMAC, and why DEUTSCHE BANK, INDYMAC and MERS all share office space in Suite 400/500.

With the assignor MERS and assignee DEUTSCHE BANK appearing to be engaged in possible fraudulent activity by: having the same person execute the assignment and then the affidavit of facts in support of the instant application; DEUTSCHE BANK's purchase of a non-performing loan from INDYMAC; and, the sharing of office space in Suite 400/500 in Kansas City, the Court wonders if the instant foreclosure action is a corporate "Kansas City Shuffle," a complex confidence game. In the 2006 film, *Lucky Number Slevin*, Mr. Goodkat, (a hitman played by Bruce Willis), explains (in memorable quotes from *Lucky Number Slevin*, at www.imdb.com/title/tt425210/quotes).

A Kansas City Shuffle is when everybody looks right, you go left ... It's not something people hear about. Falls on deaf ears mostly ... No small matter. Requires a lot of planning. Involves a lot of people. People connected by the slightest of events. Like whispers in the night, in that place that never forgets, even when those people do.

In this foreclosure action is plaintiff **DEUTSCHE BANK**, with its " principal place of business" in Kansas City attempting to make the Court look right while it goes left?

Conclusion
Accordingly, it is

ORDERED, that the application of plaintiff, **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT SERIES INDEX 2006–AR6**, for an order of reference for the premises located at 255 Lincoln Avenue, Brooklyn, New York (Block 4150, Lot 19, County of Kings), is denied without prejudice; and it is further

ORDERED, that leave is granted to plaintiff, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT SERIES INDEX 2006–AR6, to renew its application for an order of reference for the premises located at 255 Lincoln Avenue, Brooklyn, New York (Block 4150, Lot 19, County of Kings), upon presentation to the Court, within forty-five (45) days of this decision and order, of: an affidavit from Erica Johnson–Seck describing her employment history for the past three years; and, an affidavit from an officer of plaintiff

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT SERIES INDEX 2006–AR6**, explaining why (1) plaintiff

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

18 Misc.3d 1123(A), 856 N.Y.S.2d 497, 2008 WL 253926 (N.Y.Sup.), 2008 N.Y. Slip Op. 50176(U)
(Table, Text in WESTLAW), Unreported Disposition
(Cite as: 18 Misc.3d 1123(A), 2008 WL 253926 (N.Y.Sup.))

purchased a nonperforming loan from INDYMAC BANK, F.S.B., (2) shares office space at Building B, 901 East 104th Street, Suite 400/500, Kansas City, MO 64131 with Mortgage Electronic Registration Systems, Inc. and INDYMAC BANK, F.S.B., and (3), claims Building B, 901 East 104th Street, Suite 400/500, Kansas City, MO 64131 as its principal place of business in the Assignment of the instant mortgage and yet executed the Assignment and affidavit of facts in this action in Williamson County, Texas.

*3 This constitutes the Decision and Order of the Court.

N.Y.Sup.,2008.
Deutsche Bank Nat. Trust Co. v. Maraj
18 Misc.3d 1123(A), 856 N.Y.S.2d 497, 2008 WL 253926 (N.Y.Sup.), 2008 N.Y. Slip Op. 50176(U)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.