GARY VICTOR DUBIN (3181)
LONG H. VU (8840)
FREDERICK J. ARENSMEYER (8471)
Dubin Law Offices
Suite 3100, Harbor Court
55 Merchant Street
Honolulu, Hawaii 96813
Telephone: (808) 537-2300
Facsimile: (808) 523-7733
Email: gdubin@dubinlaw.net

JAMES J. BICKERTON (3085)
Bickerton Lee Dang & Sullivan
Topa Financial Center
745 Fort Street, Suite 801
Honolulu, Hawaii 96813
Telephone: (808) 599-3811
Facsimile: (808) 533-2467
Email: bickerton@bsds.com

STANLEY H. ROEHRIG (664)
Law Office of Stanley H. Roehrig
101 Aupuni Street, Suite 124
Hilo, Hawaii 96720
Telephone: (808) 969-1441
Email: shroehrig@hawaii.rr.com

Attorneys for Plaintiff
Leigafoalii Tafue Williams
fka Leigafoalii Tafue Koehnen

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 DEC -2 PM 4: 12

H. CHING
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| LEIGAFOALII TAFUE WILLIAMS, fka LEIGAFOALII TAFUE KOEHNEN, | ) ) ) | CIVIL NO. 09-1-1906 BIA |
| Plaintiff, | ) ) ) | PLAINTIFF'S MOTION TO CLARIFY PRIOR ORDER OR, IN THE ALTERNATIVE, TO CERTIFY FINAL |
| vs. | ) ) ) | JUDGMENT AND TO STAY PROCEEDINGS PENDING APPEAL; |
| DAWN RICKARD; HOME 123 CORPORATION, a California corporation; its successors and assigns; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a Delaware corporation; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley ABS CAPITAL I Inc., MSAC-2007-NC1, a New York corporation; REAL TIME RESOLUTIONS, INC., and DOES 1-30, | ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM IN SUPPORT OF MOTIONS; DECLARATION OF GRETCHEN H. KLUNGNESS; EXHIBITS A THROUGH Z; NOTICE OF HEARING; CERTIFICATE OF SERVICE  Judge: The Hon. Bert I. Ayabe  Date of Hearing: Tues. Dec 27, 2011 Time: 9:30 a.m |
| Defendants. | ) | |

PLAINTIFF'S MOTION TO CLARIFY PRIOR ORDER OR,
IN THE ALTERNATIVE, TO CERTIFY
FINAL JUDGMENT AND TO STAY PROCEEDINGS PENDING APPEAL

Comes now Plaintiff Leigafoalii Tafue Williams, fka Leigafoalii Tafue

Koehnen, by and through her attorneys, Gary Victor Dubin, James J. Bickerton, and Stanley

H. Roehrig, and moves this Court for an order pursuant to Rules 7 HRCP and Rule 54(b)

HRCP, to clarify the May 25, 2011 order or, in the alternative, to certify that order as a final

judgment with respect to the two dismissed Defendants and to stay proceedings in the above-

entitled action pending appeal of said final judgment.

Exhibit G
2 of 28

This Motion is based on Rule 7 HRCP and Rule 54(b) HRCP, and on the memorandum in support of the motion, including exhibits, and the records and files of this case.

DATED: Hilo, Hawai`i, December _2_, 2011.

/s/
James J. Bickerton
Attorneys for Plaintiff
Leigafoalii Tafue Williams

## Table of Contents

Page

I.    Introduction.................................................... 1

II.   Motion to Clarify ............................................. 1

    A.    What is the Status of Plaintiff's Declaratory Judgment
        Counts 1 through 8 in the First Amended Complaint? ..................... 1

    B.    The Law on Notice Pleading - Counts 1 through 8
        Include Defendants Deutsche Bank and Real Time
        as Parties ........................................................ 3

    C.    Analysis: Notice Pleading - Counts 1 through 8 -
        Plaintiff's "Unreasonable" Conduct ................................. 4

    D.    What is the Status of Defendants Deutsche Bank's and
        Real Time"s Joint Prayer for Relief? ............................... 5

    E.    Law/Analysis - Defendants' Prayer for Foreclosure Relief ................. 5

    F.    Since It Presently Appears that Defendant Deutsche Bank
        Has No Standing, Should This Court Order Defendants
        Deutsche Bank and Real Time to Answer Plaintiff's
        Interrogatories Forthwith? ......................................... 7

    G.    Law/Analysis - Defendant Deutsche Bank's Standing
        as REMIC Trustee ................................................. 11

III.  Motion to Certify Final Partial Judgment and to Stay Proceedings ................. 13

    A.    Prejudice of Multiple Jury Trials - Deutsche Bank's
        Conduct Herein and Prior Criminal Misconduct ........................ 13

    B.    Collateral Estoppel/Statute of Limitations ............................. 14

    C.    The Law: Rule 54(b) Certification .................................... 15

    D.    Analysis - Certification ............................................. 15

IV.   Stay of Proceedings .......................................... 16

# Table of Authorities

**Page**

*40235 Washington Street Corporation v. Lusardi, 329 F.3d 1076
(U.S. Court of Appeals, Ninth Circuit) (2003)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bailey v. State. 57 Haw. 144 (1976)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Fogarty v. State, 5 Haw.App. 616 (1985)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In Re Hayes, 393 B.R. 259 (D. Massachusetts) (2008)* . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*In re Johnson, 346 B.R. 190, U.S. Bankruptcy Appellate Panel, Ninth Circuit (2006)* . . . . . . . . . 8

*In re Ellis, 441 B.R. 656 (2010)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Springfield Furniture, Inc., 145 B.R. 520 (1992)* . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Adler, Coleman Clearing House, et al, 247 B.R. 51, USBC, S.D. NY (1999)* . . . . . . . . . . . 8

*Kida v. Beneficial, 96 Hawai`i 289, 30 P.3d 895 (2001)* . . . . . . . . . . . . . . . . . . . . . . . . 9,16

*Deutsche Bank National Trust Company v. Maraj, 856 NYS 2d 497 (2008)* . . . . . . . . . . . . . . . 9

*Kawamata Farms v. United Agri Products, 88 Hawai`i 214 (1997)* . . . . . . . . . . . . . . . . . . . . 9

*In Re Jones, 2008 WL 4539486 (Bkrtcy.D.Mass) (2007)* . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Indymac Bank v. Miguel, 117 Hawai`i 506, 184 P.3d 821 (2008)* . . . . . . . . . . . . . . . . . . . . 14

*International Savings and Loan Association v. Woods, 69 Haw. 11, 731 P.2d 151 (1987)* . . . . 15

*Koglin Associates v. Valenz Oro, Inc., 680 N.E. 2d 283 (Supreme Ct of Ill.) (1997)* . . . . . . . . 5, 6

*Leslie v. Estate of Tavares, 93 Hawai`i 1, 4, 994 P.2d 1047, 1050 (2000)* . . . . . . . . . . . . . . . . 3

*Tokuhisa v. Cutter Management Co., 122 Hawai`i 181, 223 P.3d 246 (2009)* . . . . . . . . . . . . . . 4

Exhibit G
5 of 28

## MEMORANDUM IN SUPPORT OF MOTIONS

### I.   INTRODUCTION

A.  Plaintiff expressly raised the issue before Judge Mollway ruled in her final Summary Judgment/Remand Order that Judge Mollway had not expressly ruled on Counts 1 through 8 of the First Amended Complaint (FAC) concerning Chapter 480 Unfair and Deceptive Practices (UDAP) as pled for against all Defendants, including Defendants Deutsche Bank and Real Time, before Judge Mollway entered her final Summary Judgment/Remand Order.  In that order, Judge Mollway holds that the only claims against Defendants Deutsche Bank and Real Time for Chapter 480 relief were Counts 12 and 14.  Thus, it is unclear from the record whether Judge Mollway by inference held that Counts 1 through 8 were not pled against Defendants Deutsche Bank and Real Time, realized that they were pled against said Defendants and dismissed those claims, or just overlooked the fact that Counts 1 through 8 were pled against all Defendants at the time she entered her Summary Judgment/Remand Order .  This court needs to clarify what happened for purposes of the trial court recorded herein.

B.  On November 14, 2011, Plaintiff herein learned for the first time that Defendant Deutsche Bank had filed a new action for foreclose in the United States District Court. Exhibit 4 to the complaint in that matter is the January 13, 2009, assignment upon which Defendant Deutsche Bank claims standing.  Research by Plaintiff reveals that Defendant Deutsche Bank has no standing and appears to be conducting an unfair and deceptive practice in pursuing its claim against Plaintiff herein.

### II.   MOTION TO CLARIFY

A.   What is the Status of Plaintiff's Declaratory Judgment Counts 1 through 8 in the First Amended Complaint?

Before the Hon. Susan Oki Mollway, Judge of the United States District Court for the District of Hawai'i' (hereinafter "federal court") on May 25, 2011, entered her  summary judgment and remand order, Exhibit A, Defendants Deutsche Bank and Real Time each made two separate motions for partial summary judgment.  Each Defendant made a motion for summary judgment on Counts 12 and 14.  Said Defendants each also filed an additional summary judgment motion directed to Plaintiff's conduct as outlined in Counts 1 through 8,

1

alleging that as a matter of law, Plaintiff could not prevail on Chapter 480 HRS claims for "bait and switch", and void the Defendants' mortgages because her conduct in signing the documents without properly reading them as outlined in Counts 1 through 8 was "unreasonable." Plaintiff argued in opposition to these two motions that Plaintiff's "reasonableness" in the Chapter 480 HRS subprime lending context described in Counts 1 through 8 was a fact question for the jury. Plaintiff argued that Defendants Deutsche Bank and Real Time were defendants on all counts for declaratory relief, including Counts 1 through 8 and that Defendants Deutsche Bank's and Real Time's  mortgages were void under Chapter 480 HRS by reason of the fraud perpetrated by the assignor/lender, Defendants Home 123 and its loan officer, Dawn Rickard, on Plaintiff. Plaintiff's Prayer for Relief in Plaintiff's First Amended Complaint (hereafter "FAC") includes Defendants Deutsche Bank and Real Time as Defendants in Counts 1 through 8:

Prayer for Relief

WHEREFORE, Plaintiff Leigafoalii Tafue Williams prays that she have Judgment <u>against all Defendants</u>, individually and/or jointly and severally, as this Court may determine to be just, as follows:

    A. Count One: Unfair and Deceptive Interest Rate Bait-and-Switch Practices Against Rickard;

    B. Count Two: Unfair and Deceptive Loan Churning Practices Against Rickard;

    C. Count Three: Unfair and Deceptive Loan Splitting Practices Against Rickard;

    D. Count Four: Unfair and Deceptive Fraudulent Loan Practices Against Rickard;

    E. Count Five: Unfair and Deceptive Interest Rate Bait-and-Switch Practices Against Home 123;

    F. Count Six: Unfair and Deceptive Loan Churning Practices Against Home 123;

    G. Count Seven: Unfair and Deceptive Loan Splitting Practices Against Home 123;

    H. Count Eight: Unfair and Deceptive Fraudulent Loan Practices Against Home 123;

. . .

    L. Count Twelve: Rescission Based Upon Prior Unfair and Deceptive Practices Against Deutsche Bank;

. . .

    N. Count Fourteen: Rescission Based Upon Prior Unfair and Deceptive Practices Against Deutsche Bank [sic] {Real Time};

. . .

    Q. For Costs of Suit – in an amount to be decided by the Court;

Exhibit G
7 of 28

R. For Attorneys' Fees – in an amount to be determined by statute and/or decided by the Court and/or by the Jury; and

S. For Such Other and Further Relief – as deemed just and proper by this Court. [*emphasis added*]

Exhibit B.

In Plaintiff's Memorandum in Opposition to Defendant Deutsche Bank's motion for summary judgment on Chapter 480 relief, Plaintiff repeatedly argued that Counts 1 through 8 were pled against all Defendants. See Exhibit B-1.

The federal court showed some recognition of need for further proceedings before this court on the two remaining "unreasonable" conduct partial summary judgment motions because it denied them. In this regard, the federal court held in part at pg. 20 as follows:

> Because the court grants summary judgment in favor of Deutsche Bank and Real Time on the chapter 480 rescission claims based on Williams's inability to unwind the transaction, the court need not reach the other arguments made by the banks. Nevertheless, to the extent Deutsche Bank and Real Time argue that they are entitled to summary judgment because Williams did not act as a reasonable consumer when she was allegedly mislead into the loan transaction by the "bait and switch," the court questions whether there is an absence of questions of fact.

> Even assuming that a chapter 480 claim for rescission required Williams to have acted reasonably, a question of fact might exist as to whether she acted reasonably in failing to read the loan documents before signing them. Although the banks argue that Williams had a duty to read the documents before signing them, Williams claimed to have been duped into signing them. Williams testified that she signed the loan documents, taking Rickard's word that she was signing for a $70,000 loan only. See Williams's Depo. at 58, 68. Under these circumstances, a question of fact may exist as to whether Williams acted reasonably when she failed to read the documents. [*emphasis added*]

Exhibit A.

B.   **The Law on Notice Pleading - Counts 1 through 8 Include Defendants Deutsche Bank and Real Time as Parties.**

Under Hawai`i's "notice pleading" approach, it is "no longer necessary to plead legal theories with . . . precision." *Leslie v. Estate of Tavares*, 93 Hawai`i 1, 4, 994 P.2d 1047, 1050 (2000). "Hawai`i's rules of notice

pleading require that a complaint set forth a short and plain statement of the claim that provides defendant with fair notice of what the plaintiff's claim is and the grounds upon which the claim rests. Pleadings must be construed liberally." *Genesys Data Technologies, Inc. V. Genesys Pac. Technologies, Inc.*, 95 Hawai`i 33, 41, 18 P.3d 3895, 903 (2001) (citations omitted); *see also Hall v. Kim*, 53 Haw. 215, 221, 491 p.2d 541, 545 (1971) (holding it is "not necessary to plead under what particular law the recovery is sought.") Moreover, consistent with the mandate of HRCP Rule 8(f) that "[a]ll pleadings shall be so construed as to do substantial justice," the Hawai`i Supreme Court has rejected "the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and in turn accepted the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Hall*, 53 Haw. at 221, 491 P.2d at 545 (internal quotation marks and citations omitted). [*emphasis added*]

*Tokuhisa v. Cutter Management Co.*, 122 Hawai`i 181, 223 P.3d 246 (2009).  Exhibit C.

C.    Analysis: Notice Pleading - Counts 1 through 8 - Plaintiff's "Unreasonable" Conduct

Plaintiff contends that under *Tokuhisa, supra*, Defendants Deutsche Bank and Real Time were provided with fair notice of all of Plaintiff's UDAP claims against them as expressly summarized in the Prayer for Relief.  It expressly includes all counts for UDAP relief, including Counts 1 through 8 against Defendants Deutsche Bank and Real Time.

However, while the federal court's summary judgment/remand order (Exhibit A), addresses Defendant Deutsche Bank and Defendant Real Time summary judgment motions on Plaintiff's Chapter 480 reasonableness, it does not expressly address the present status of Counts 1 through 8.  The federal court's judgment, Exhibit D, identifies the state law claims against Rickard and Home 123 as being remanded.  Finally, the notice to the Circuit Court of the First Circuit dated May 26, 2011, states:

Please be advised that on May 25, 2011 this case was remanded to the Circuit Court of the First Circuit, State of Hawaii.

Exhibit E.  Since the entire case was remanded, the federal court's summary judgment/remand order and judgment are potentially at odds.  The former addresses the context of the denied summary judgment motions on reasonableness; the latter does not.  Under *Tokuhisa, supra*, "notice pleading," Plaintiff contends the remaining Counts 1 through 8 of the FAC for

declaratory relief for UDAP fraud against all Defendants are still before this court for further disposition. This court needs to clarify whether Counts 1 through 8 against Defendants Deutsche Bank and Real Time are still before the court.

**D.     What is the Status of Defendants Deutsche Bank's and Real Time's Joint Prayer for Relief?**

Another pleading issue the federal court left unresolved is the status of Defendants Deutsche Bank's and Real Time's joint Prayer for Relief in their joint Answer to Plaintiff's FAC. Exhibit F. At Paragraph 5 of Defendants Deutsche Bank's and Real Time's joint answer, Defendant Deutsche Bank alleges in part:

> Deutsche Bank . . . is the current mortgagee under the first priority mortgage . . . and has commenced foreclosure proceedings.[1]

Defendants Deutsche Bank and Real Time jointly prayed in their joint Answer herein for affirmative foreclosure relief in their Prayer for Relief as follows:

> II.     That the Court find Defendants are <u>bona fide encumbrancers</u> of the Property with <u>valid security interests in the Property</u> that are senior to that of any other party claiming an interest in the property, including Plaintiff. [*emphasis added*]

This prayer for affirmative relief in the Answer is unusual. It goes beyond the usual prayer for denial of relief to the Plaintiff and seeks affirmative foreclosure relief for both Defendants based on affirmative allegations of bona fide encumbrances and valid security interests. What is a just disposition of this prayer for relief under notice pleading? Should it be treated as an answer, a compulsory counterclaim, or dismissed with prejudice pursuant to this court's present ruling?

**E.     Law/Analysis – Defendants' Prayer for Foreclosure Relief**

Defendants Deutsche Bank's and Real Time's Prayer for Relief reads like a counterclaim. A lien foreclosure case on point confirms it is a counterclaim. *Koglin Associates v. Valenz Oro, Inc.*, 680 N.E. 2d 283 (Supreme Ct of Ill.) (1997). Exhibit H. Koglin Associates

---

[1] These non-judicial proceedings are in limbo due to the passage of SB 651 at the 2011 legislature. That legislation arguably covers Defendant Deutsche Bank's foreclosure process and should mandate Deutsche Bank's participation in mandatory mediation as provided in SB 651, since Defendant Deutsche Bank started the process already in the Third Circuit Court. See Exhibit G (Notice of Non-Judicial Foreclosure).

sought foreclosure of a contractor's mechanic's lien claim. It joined Barnard, another contractor, as a defendant. Barnard filed an "answer" and claimed that it had lien rights that were "first, prior, and superior" (p. 285) to those of other parties. The trial court dismissed the case based on a purported settlement. Barnard appealed, claiming it was entitled to affirmative lien foreclosure relief, that its prayer for relief could not be dismissed without its consent. The Supreme Court of Illinois held:

> [3] Barnard did not follow the proper civil pleading procedure in asserting its lien. In civil cases, a counterclaim should be used by a defendant to make a claim against another defendant. A counterclaim differs from an answer or affirmative defense. A counterclaim is used when seeking affirmative relief, while <u>an answer or affirmative defense seeks to defeat a plaintiff's claim</u>. . . [t]he counterclaim shall be part of the answer, and shall be designated as a counterclaim.
> . . .
> [4] Even though Barnard failed to formally assert a counterclaim, it prevails on other grounds. . . [E]ven if Barnard should have asserted its lien by counterclaim, <u>Barnard's pleading should be liberally construed</u>.
> . . .
> [5] . . . <u>The Code of Civil Procedure is to be liberally construed, so that cases are decided on the basis of the substantive rights of the litigants</u>. . . . It also states that "[n]o pleading is bad in substance which contains such information as <u>reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet</u>." . . . Given these principles, the circuit court should have liberally construed the affirmative relief requested in the answer. . . . In its prayer for relief in the answer, Barnard asserted its lien and sought foreclosure based on the lien. . . "[t]he only thing missing from the document was the word 'counterclaim.'" 27 Ill.App.3d at 151, 213 Ill.Dec. 625 659 N.E. 2d 971. Accordingly, Barnard's claim should not have been dismissed without its consent[.] *[emphasis added]*

Under *Koglin, supra*, Defendants Deutsche Bank and Real Time affirmatively seek foreclosure relief in their joint answer that should be treated as a counterclaim, whatever its title. Plaintiff contends this foreclosure claim should be tried herein, together with all Plaintiff's remaining claims at one trial as a compulsory counterclaim. If it is to be dismissed, as a matter of fairness it should be with prejudice[2], for failure to join it herein as a compulsory counterclaim under HRCP 13(a) to prevent a multiplicity of foreclosure suits. *Bailey v. State.* 57 Haw. 144

---

[2]See discussion of estoppel and the statute of limitations at pg. 14.

6

(1976) [Estoppel bars bringing same mandatory counterclaim in later case.] To same effect, *Fogarty v. State*, 5 Haw.App. 616 (1985). Plaintiff submits that when a borrower sues the lender for rescission of the note and mortgage based on alleged voidness, any claim the lender or assignee has for breach and foreclosure is a claim "arising out of" the same transaction and is therefore a compulsory counterclaim under HRCP Rule 13.

What happened to that claim? Either it was dismissed or it remains pending. The record is unclear and needs to be clarified before any final disposition relating to these Defendants.

F.   **Since It Presently Appears that Defendant Deutsche Bank Has No Standing, Should This Court Order Defendants Deutsche Bank and Real Time to Answer Plaintiff's Interrogatories Forthwith?**

Plaintiff seeks answers to her interrogatories served on Defendants Deutsche Bank and Real Time on June 17, 2011, which Defendants Deutsche Bank and Real Time refuse to answer. Exhibits I and J. These are designed to determine whether or not Defendants Deutsche Bank and Real Time have any standing to foreclose under Chapter 490:3-203 HRS, are holders in due course ("HDCs"), merely bulk sale purchasers, or have no standing at all.

On November 14, 2011, Plaintiff received convincing evidence that Defendant Deutsche Bank has no standing to foreclose on Plaintiff's premises. Defendant Deutsche Bank just served Defendants Williams with a new foreclosure complaint filed in U.S. District Court. Exhibit K. Exhibit 4 of that complaint is the assignment that Defendant Deutsche Bank relies on for its holder in due course standing on the $280,000 mortgage on Plaintiff's premises. That assignment document reveals that the assignor of the January 13, 2009, mortgage and note assignment to Defendant Deutsche Bank purports to be a debtor in bankruptcy, Defendant Home 123. The January 13, 2009, assignment of the $280,000 mortgage loan reveals that the mortgage assignment is to Deutsche Bank as trustee of the Morgan Stanley ABS Capital I Inc. Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 200700NC1 (Exhibit 4 to Complaint) (Exhibit K herein). Defendant Home 123 went into bankruptcy on April 2, 2007, where it still remains. See Exhibit L. Defendant Deutsche Bank is a major Home 123 bankruptcy unliquidated creditor. See Exhibit M. It appears from a "word search" of the entire 1,399-page Home 123 joint bankruptcy docket that the automatic bankruptcy stay has never been lifted to allow the

7

assignment of the mortgage herein to Defendant Deutsche Bank. See Declaration of Gretchen H. Klungness. Without further proof by Defendant Deutsche Bank herein, the January 13, 2009, assignment without trustee approval is void *ab initio* under black letter bankruptcy law. See *In re Ellis*, 441 B.R. 656 (2010) at [3], p. 662 (Exhibit N); and *40235 Washington Street Corporation v. Lusardi*, 329 F.3d 1076 (U.S. Court of Appeals, Ninth Circuit) (2003) at [3][4], p. 1080. (Exhibit O). It is also black letter law that once Home 123 went into bankruptcy, its officers were completely ousted from control of the corporation. Upon filing, Home 123 management and Home 123 assets were vested in the bankruptcy trustee. *In re Springfield Furniture, Inc.*, 145 B.R. 520 (1992) at p. 528. (Exhibit P). See also *In re Johnson*, 346 B.R. 190, U.S. Bankruptcy Appellate Panel, Ninth Circuit (2006), at [3][4][5][6], pp. 193, 194. (Exhibit Q) As such the trustee must approve the assignment. In this regard, the attempted 2009 Hawaii Non-Judicial Foreclosure Sale herein by Defendant Deutsche Bank (Exhibit G) without bankruptcy trustee approval is also a nullity. *In re Johnson, supra.*

Since Defendant Deutsche Bank as a creditor of Home 123 in bankruptcy had actual knowledge that Home 123 was still in bankruptcy when it got assignment and commenced its defense in this case, it should have disclosed the bankruptcy implications to the court and counsel because the fair market value of an asset transferred out of bankruptcy is severely compromised.

> Where a company is on its "deathbed" at time of allegedly fraudulent transfers, the bankruptcy court will value its assets according to what could be obtained at a liquidation sale, and not give them a "going concern value" for purpose of assessing debtor's solvency or insolvency on transfer date.

*In re Adler, Coleman Clearing House, et al*, 247 B.R. 51, USBC, S.D. NY (1999), Exhibit R [partial case] [37][38].

§490:3-302 HRS, defining "holder in due course" expressly provides, in part:

> [A] person does not acquire rights of a holder in due course of an instrument taken . . . in bankruptcy[.]

Since the assignment was made out of bankruptcy, as a matter of law, Defendant Deutsche Bank could never have been a holder in due course herein and would never be entitled

8

to full payment of the entire loan, as it argued at the last hearing before this court and before the federal court.

> [E]quitable relief is available . . . only to the extent that [Beneficial] has paid value for the right to enforce the note and mortgage. Any recovery in excess of that value "would provide a remedy inconsistent with the fundamental precepts of restitution, for it would give the plaintiffs more than they had."

*Kida v. Beneficial*, 96 Hawai`i 289, 30 P.3d 895 (2001)

Defendant Deutsche Bank's failure to disclose the context of the assignment from the bankrupt estate without further explanation is a fraud on the court.

> With the assignor MERS and assignee DEUTSCHE BANK appearing to have engaged in possible fraudulent activity by: having the same person execute the assignment and then the affidavit of facts in support of the instant application; DEUTSCHE BANK's purchase of a non-performing loan from INDYMAC; and, the sharing of office space in Suite 400/500 in Kansas City, the Court wonders if the instant foreclosure action is a corporate "Kansas City Shuffle," a complex confidence game. . . In this foreclosure action is plaintiff DEUTSCHE BANK, with its "principal place of business" in Kansas City attempting to make the Court look right while it goes left?"

*Deutsche Bank National Trust Company v. Maraj*, 856 NYS 2d 497 (2008). Exhibit R-1. See also *Kawamata Farms v. United Agri Products*, 88 Hawai`i 214 (1997) at [69][70][71] [72][73][74] at pp. 256-258.

The pattern of conduct whereby Defendant Deutsche Bank claims to have standing as a trustee of a REMIC Trust but only obtains assignment of the mortgage as the REMIC Trust trustee more than 2 years after the REMIC trust closes can be construed as an unfair and deceptive practice under Chapter 480 HRS. Obviously, the mortgage cannot be in the REMIC trust if the trust was already closed on January 26, 2007, two years before assignment. The mortgage cannot be two places at the same time. If it was in the 2007 trust by January 26, 2007, when the trust "closed." Defendant Deutsche Bank needed no assignment in 2009. Or it was in the bankrupt estate and never in the trust. It had to be the latter because the 2009 assignment is from the bankrupt estate of Home 123. The intended deception by Defendant Deutsche Bank was to assign to the 2007 trust in 2009 so as to conceal any bankruptcy connection that would affect the purchase price of Plaintiff's mortgage sale on the open market.

Also, Defendant Deutsche Bank knew that inspection of the 2007 trust does not disclose the existence of the Defendant Deutsche Bank mortgage note therein. See pp. 16-18 below.

This is not the first time that Defendant Deutsche Bank has engaged in this scheme of mortgage assignment after the trust *res* has closed. Attached as Exhibit T is a United States -wide 2010 compilation of numerous occasions when Defendant Deutsche Bank engaged in the identical scheme. In each instance, "robo-signers" from around the United States assigned mortgages to Defendant Deutsche Bank as trustee of a trust after the trust had closed and, in many instances, like here, after the lender had gone into bankruptcy, thereby concealing the bankruptcy nexis. Exhibit S. The robo-signer herein is Valerie Clark, Executive Vice President of Saxon Mortgage Services in Irving, Texas. See Exhibit S at p.34; see also Exhibit T. Since Saxon Mortgage Services was a party to the 2007 REMIC Trust (Exhibit U, p. 2 of 213), Saxon Mortgage Services also had actual knowledge of the status of Plaintiff's mortgage. If it knew the mortgage was in the trust, Saxon's robo-signer would not have to assign anything to Defendant Deutsche Bank, as Defendant Deutsche Bank would have already had ownership of the mortgage before the bankruptcy. The fact that Valerie Clark did sign the January 13, 2009, mortgage assignment to Defendant Deutsche Bank is recognition that Plaintiff's $280,000 mortgage was never in the 2007 trust used as a pretext for standing herein. A question also arises as to how Ms. Clark could claim to act for Home 123 as assignor when she works for Saxon, the assignee's agent.

The January 1, 2007, REMIC trust document which forms the basis for Defendant Deutsche Bank to claim standing as a trustee party herein, Exhibit U, on its face does not support that Defendant Deutsche Bank has standing herein. The trust is a tax shelter device, similar to the numerous transactions in Deutsche Bank's criminal Plea Agreement discussed below at p.20. It is a tax shelter trust for investors seeking a tax-free income stream from a pool of mortgage loans on real property as follows:

> FN3. A REMIC trust is a real estate mortgage investment conduit defined in §860D of the Internal Revenue Code of 1986. 26 U.S.C. §860d (2000). A mortgage qualifies as a REMIC mortgage if, at the time it was originated or contributed to the trust, it was principally secured by an interest in real property. *Id.* REMIC trusts are pools of mortgages in which the beneficial ownership has been sold to various investors in the form of certificates representing their undivided interest in the total

10

mortgage pool. . . . [M]ortgage payments made to the trust may be passed through to certificate holders free of federal taxes.

*Nizan v. Wells Fargo Bank Minnesota National Association,* 274 Va. 481, 650 S.E.2d 497 (2007). Exhibit V.

    Defendant Deutsche Bank claims it has standing under this trust to prosecute its claim for foreclosure herein and its defenses to Plaintiff's claims for relief. The trust *res* opened on January 1, 2007, and closed on January 26, 2007. Exhibit U at pp. 2, 19. Close scrutiny of the schedule of loans included in the trust at p. 76 of 213 does not disclose that either of Plaintiff's mortgages are included in this REMIC Trust pooling agreement. The Schedule of Loans I at p. 76 of 213 lists <u>no</u> specific mortgage notes or mortgages. It refers the reader to the trustee. Likewise, Schedule of Loans I at p. 168 of 213, another mortgage loan schedule, lists mortgage loan aggregate amounts without identification of any specific mortgages or notes included in each aggregate. Similarly, Schedule I at p. 211 of 213 also lists mortgage loan amounts without identification of any specific mortgages or notes. The Trustees' acceptance letter of promissory notes and mortgages at pp. 106 and 107 of 213 are <u>blank</u> insofar as identifying which loans it has received, with no signature by any Deutsche Bank officer identifying any specific loans in the REMIC Trust pool. On its face, this trust document provides no basis for Defendant Deutsche Bank to have standing for any purpose. This is the identical trust document relied on by Defendant Deutsche Bank for standing in its 2009 Notice of Non-Judicial Mortgage Foreclosure on Plaintiff's home, Exhibit G, pleaded in its Answer to Plaintiff's FAC herein at ¶6.

**G.**  <u>Law/Analysis – Defendant Deutsche Bank's Standing as REMIC Trustee</u>

    Defendant Deutsche Bank has actual notice that in two prior cases involving its same scheme, the federal bankruptcy court has repeatedly held that Deutsche Bank has no standing to foreclose when it takes assignment as it did herein after the trust has closed. The first case is *In Re Jones,* 2008 WL 4539486 (Bkrtcy.D.Mass) (2007)., Exhibit V-1. The court therein held:

> The creation of the New Century Home Equity Loan Trust on April 22, 2005 preceded the August 24, 2005 assignment of the mortgage on the Radcliffe Street property from Ameripath to Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-2. The Servicing Agreement dated April 22, 2005 referenced

11

the transfer of "Mortgage Loans" to the New Century Home Equity Loan Trust 2005-2, by New Century Mortgage Securities LLC, but the Court was not provided with a definition of the term "Mortgage Loans" and, thus, cannot concluded whether those loans included the Debtor's mortgage. The evidence established that the note relating to the mortgage on the Radcliffe Street property was assigned by Ameripath to New Century Mortgage Corporation on February 15, 2005, but the assignment of the mortgage from Ameripath to Deutsche Bank National Trust Company post-dated the creation of the New Century Home Equity Loan Trust 2005-2. Further, the Court was not provided with Exhibit A to the Servicing Agreement, and there is no evidence that either the Debtor's mortgage was part of the securitization trust or subsequently added to the trust res pursuant to the terms of the Indenture. Moreover, because New Century Mortgage Securities LLC, as the Depositor under that trust, not New Century Mortgage Corporation, was obligated to transfer "Mortgage Loans" to Deutsche Bank National Trust Company as Trustee of the New Century Home Equity Loan Trust 2005-2, it would appear that an assignment of the mortgage from Ameripath or New Century Mortgage Corporation to New Century Mortgage Securities LLC [as the depositor] may have been required to establish an accurate chain of ownership of the mortgage. The documents submitted by the parties, including the Limited Power of Attorney and assignments made in December 2006 and July of 2008, failed to cure the defects outlined above. . . . Upon consideration of the foregoing, the Court grants the Debtor's motion for summary judgment[.] [emphasis added]

Based on *Jones, supra,* since the assignment herein is not reflected on the face of the trust, it is not included. If it was to be included somehow after the fact, the assignment to the trustee had to be from Morgan Stanley ABS Capital I, Inc., as the depositor, not the debtor, Defendant Home 123.

The Deutsche Bank case of *In Re Hayes*, 393 B.R. 259 (D. Massachusetts) (2008), Exhibit W, is on also point regarding Defendant Deutsche Bank's lack of standing as a REMIC Trust trustee. In almost identical factual circumstances, the Federal Bankruptcy Court, D. Massachusetts, held that where Deutsche Bank, the REMIC trustee, failed to include a mortgage loan "schedule I" that specifically included the mortgage loan sought to be foreclosed, Deutsche Bank as trustee lacked standing to foreclose. The court held as follows:

The PSA contains a reference to a Schedule 1, a "Mortgage Loan Schedule," which was not attached to Exhibit 6. However, in Section 1.01 "Definitions," at p. 35, the term "Mortgage Loan" is defined as [e]ach mortgage loan transferred and assigned to the

Trustee pursuant to Section 2.01 or Section 2.03(d) of this
Agreement or pursuant to a Subsequent Transfer Instrument, as
held from time to time as part of REMIC I, <u>the Mortgage Loans so
being identified in the "Mortgage Loan Schedule."</u> The "Mortgage
Loan Schedule" is defined as follows: "As of any date, the list of
Mortgage Loans included in REMIC I on such date ... attached
hereto as Schedule 1[.]

. . .

<u>Deutsche Bank failed to submit any evidence that the November 3, 2004,
mortgage was included in the PSA</u> or was subject to Section 2.09 of the
PSA as neither Schedule 1 to the PSA nor a Mortgage Loan Schedule
attached to a Subsequent Transfer Instrument were submitted into
evidence. . . . <u>[T]he Court finds that Deutsche Bank failed to adequately
trace the loan from the original holder, Argent Mortgage Company, LLC,
to it.</u> [*emphasis added*]

*In re Hayes, supra,* at 265, 268.  Based on the above, Defendant Deutsche Bank has no

foreclosure standing.  The $280,000 mortgage is not on Schedule I.

III.   <u>Motion to Certify Final Partial Judgment and to Stay Proceedings</u>

In the event this court finds that Defendants Deutsche Bank and Real Time are no

longer parties to this case by reason of this court's denial of Plaintiff's motion for

reconsideration of the federal court's summary judgment and remand order, Plaintiff moves for

certification of this court's denial order pursuant to Rule 54(b) HRCP, since there is no just

reason for delay in entry of this order as a final judgment with respect to Deutsche Bank and

Real Time.  Plaintiff can then appeal Judge Mollway's decision to dismiss these entities without

ever ruling on whether they hold a valid mortgage.  A stay of proceedings will protect all parties

during the appeal.

A.   <u>Prejudice of Multiple Jury Trials - Deutsche Bank's Conduct Herein and
Prior Criminal Misconduct.</u>

Based on what was just revealed about the robo-signing and late date of Deutsche

Bank's claimed assignment, it would be fundamentally unfair for Plaintiff to be forced to have

an early jury trial on Plaintiff's remaining Chapter 480 fraud claims only against Defendant

Home 123's loan officer without the participation of Defendants Deutsche Bank and Real Time.

A declaratory relief against the loan officer only that the loan was an unlawful UDAP would be a

hollow victory if it does not also bind the claimed holder of the note.  It is also crucial to a fair

13

jury trial that Defendant Deutsche Bank's conduct herein be taken into account at trial. Such evidence is admissible under HRE 404b because it is probative of Defendant Deutsche Bank's *modus operandi* in financial transaction schemes, including preparation of the REMIC trust and assignment out of bankruptcy relied on for standing herein.

Defendant Deutsche Bank has a history of repeated wilful criminal conduct during the 1990s and 2000s, participating with its investors in bogus tax shelter schemes designed to defraud the IRS. These repeatedly include participation by Deutsche Bank's own employees. This admitted repeated wilful criminal conduct by Defendant Deutsche Bank resulted in the December 21, 2010, Deutsche Bank Non-Prosecution Agreement with the United States of America for crimes designed to defraud the United States of America and the Internal Revenue Service out of approximately $29.3 billion in taxes. Exhibit X. In lieu of prosecution, Defendant Deutsche Bank paid $553,633,153 to the United States of America, the amount estimated by the United States Attorney for the Southern District of New York that Deutsche Bank earned as fees in the series of tax shelter criminal conspiracies documented in the Plea Agreement. Defendant Deutsche Bank participated in approximately 1,300 separate deals and implemented over 2,300 financial transactions involving these bogus tax shelters. The above 2010 Plea Agreement requires the Deutsche Bank to implement far-reaching corporate business and ethics reforms in providing future investment services as mandated by the United States Sentencing Manual.

**B.    Collateral Estoppel/Statute of Limitations**

If appellate review is delayed, Plaintiff faces potential claims by Deutsche Bank of collateral estoppel (issue preclusion). Plaintiff wants to raise the lender conduct Chapter 480 defense in the foreclosure complaint just filed in the U.S. District Court (See Exhibit K). The Intermediate Court of Appeals of the State of Hawai'i has ruled on this potential collateral estoppel issue in *Indymac Bank v. Miguel*, 117 Hawai'i 506, 184 P.3d 821 (2008). See Exhibit Y at 518 [28]. In *Indymac*, the court held the borrower was barred by collateral estoppel from raising the fraud/rescission defense on remand to state court since the Federal Ninth Circuit Court had previously issued a final ruling dismissing this defense before remand. Here, Judge Mollway only appears to have ruled on the right of rescission and has never actually ruled that

14

the loan was or was not a fraud or UDAP. However, Deutsche Bank will, if this Court fails to clarify matters, undoubtedly argue that <u>all</u> matters were decided by Judge Mollway.

Finally, if this court finds that Defendants Deutsche Bank and Real Time are no longer parties to this case, Plaintiff's lender conduct Chapter 480 fraud defense discussed in Counts 1 through 8 may be jeopardized by the recently filed foreclosure action in federal court, due to potential mortgage assignee claims of a 4-year Chapter 480-24 HRS statute of limitations that could bar such defense. Exhibit K above.

C.     **The Law: Rule 54(b) Certification**

The Supreme Court of the State of Hawai`i has provided this Honorable Court with guidelines for Rule 54(b) certification of a final partial judgment. In *International Savings and Loan Association v. Woods*, 69 Haw. 11, 731 P.2d 151 (1987) , the court held in part at 18:

> "The consideration that determines finality [for appeal purposes] are not abstractions but have reference to very real interests — not merely those of the immediate parties but [also] those that pertain to the smooth functioning of our judicial system." . . . These considerations are reflected in HRCP 54(b), and "[t]he rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for <u>making review available</u> in a multiple-party or multiple-claim situations <u>at a time that best serves the needs of the litigants</u>." . . . A purpose of the rule "is <u>to reduce as far as possible the uncertainty</u> and the hazard assumed by a litigant" when the trial court chooses to enter a judgment on one or more claims or as to one or more parties in a multiple-claim or multiple-party case and there are claims yet to be determined. . . . "It provides an opportunity for litigations to obtain from the [trial court] a clear statement of what that court [intends] with reference to finality[.] *[emphasis added]*

See Exhibit Z.

D.     **Analysis — Certification**

If this court finds that Defendants Deutsche Bank and Real Time are no longer subject to the jurisdiction of this court by reason of this court's denial of the motion for reconsideration, providing judicial review of that determination at the present time before trial on any claims "best serves the litigants" of this case. An appeal at this time reduces as far as possible the uncertainly and hazards facing all the litigants before the trial court. It is crucial to the Plaintiff's potential success in any jury trial with the lender for a Chapter 480 fraud and

mortgage nullity verdict to bind the assignee banks whose mortgages are sought to be nullified.

Finally, it will be squarely before the appellate court as a matter of first impression whether the holder in due course holdings reflected in the federal court's *Beazie* decision reliance and the Hawai`i Supreme Court's decision in *Kida v. Beneficial Hawaii, Inc.* 96 Hawai`i 289 (2001) also apply with equal force to Chapter 480 HRS claims in the State courts of Hawaii with the facts now in the record. The parties herein can utilize the Appellate Court's holdings in proper jury instructions and further handling of key issues at trial.

## IV.   Stay of Proceedings

Based on the above analysis, the Plaintiff also moves this court for a stay of all further Circuit Court proceedings herein until the Appellate Court rules on the issues raised above for the benefit of the parties to this case.

Dated: Honolulu, Hawaii, December _2_, 2011.


JAMES J. BICKERTON
Attorney for Plaintiff Leigafoalii Tafue Williams

16

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
STATE OF HAWAII

| | |
|---|---|
| LEIGAFOALII TAFUE WILLIAMS, fka LEIGAFOALII TAFUE KOEHNEN, ) ) ) Plaintiff, ) ) vs. ) ) DAWN RICKARD; HOME 123 ) CORPORATION, a California corporation; ) its successors and assigns; MORTGAGE ) ELECTRONIC REGISTRATION ) SYSTEMS, a Delaware corporation; ) DEUTSCHE BANK NATIONAL TRUST ) COMPANY, as Trustee for Morgan Stanley ) ABS CAPITAL I Inc., MSAC-2007-NC1, a ) New York corporation; REAL TIME ) RESOLUTIONS, INC., and DOES 1-30, ) ) Defendants. ) ) ) ) ) | CIVIL NO. 09-1-1906 BIA DECLARATION OF GRETCHEN H. KLUNGNESS; EXHIBITS A - Z |

## DECLARATION OF GRETCHEN H. KLUNGNESS

1.     Except as otherwise explicitly provided, the following statements are true to the best of my personal knowledge and belief.

2.     My name is Gretchen H. Klungness, and I am a legal assistant to Stanley H. Roehrig, an attorney licensed to practice law within the State of Hawaii, who is representing the Plaintiff Leigafoalii Tafue Williams in the above-captioned matter.

3.     Attached hereto as Exhibit A is a true and correct copy of the Order Granting Deutsche Bank National Trust Company's Motion for Summary Judgment on Count 12 (ECF NO. 90); Order Granting Real Time Resolutions, Inc.'s Motion for Summary Judgment on Counts 14 and 15 (ECF NO. 96); Order Denying Plaintiff's Motoin for Partial Summary Judgment (ECF No. 93); Order Remanding State Law Claims Against Dawn Rickard and Home 123 Corporation to State Court, signed by The Honorable Susan Oki Mollway, Chief United

States District Judge, in USDC Civil No. 09-00535 SOM/KSC on May 25, 2011.

4.      Attached hereto as Exhibit B is a true and correct copy of relevant pages of the First Amended Complaint filed In USDC Civil No. 09-00535 SOM-KSC on February 16, 2010.

5.      Attached hereto as Exhibit B-1 is a true and correct copy of Plaintiff's Memorandum in Opposition to Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC1's Renewed Motion for Summary Judgment on Count 12 of the First Amended Complaint, filed in the USDC Civil No. 09-00535 SOM-KSC on April 25, 2011.

6.      Attached hereto as Exhibit C is a true and correct copy of the case of *Tokuhisa v. Cutter Management*, 122 Hawai`i 181, 223 P.3d 246 (2009).

7.      Attached hereto as Exhibit D is a true and correct copy of the Judgment in a Civil Case signed by Sue Beitia, Deputy Clerk of the United States District Court for the District of Hawaii, and filed in USDC Civil No. 09-00535 SOM-KSC on May 25, 2011.

8.      Attached hereto as Exhibit E is a true and correct copy of the letter from Sue Beitia, Deputy Clerk of the United States District Court for the District of Hawaii, to the Circuit Court of the First Circuit, State of Hawaii, Office of the Clerk, remanding USDC Civil No. 09-00535 to the Circuit Court of the First Circuit, signed and filed in USDC Civil No. 09-00535 SOM-KSC on June 1, 2011.

9.      Attached hereto as Exhibit F is a true and correct copy of Deutsche Bank National Trust Company, as Trustee for the Morgan Stanley AS Capital I Inc., MSAC 2007-NC1 and Real Time Resolutions, Inc.,' s Answer to Plaintiff Leigafoalii Tafue Williams, fka Leigafoalii Tafue Koehnen's First Amended Complaint; Certificate of Service, filed in USDC Civil No. 09-00535 SOM-KSC on July 29, 2010.

10.      Attached hereto as Exhibit G is a true and correct copy of the Notice of Non-Judicial Foreclosure Under Power of Sale that was received by Plaintiff Leigafoalii Tafue Williams, noticing Defendant Deutsche Bank's intention to foreclose its mortgage and to hold a sale of Plaintiff's property by public auction on June 25, 2009.

11.      Attached hereto as Exhibit H is a true and correct copy of the case of *Koglin Associates v. Valenz Oro, Inc.*, 176 Ill.2d 385, 680 N.E.2nd (Supreme Court of Illinois) (1997).

12.      Attached hereto as Exhibit I is a true and correct copy of a letter received by

2

Stanley H. Roehrig from J. Blaine Rogers dated July 11, 2011, advising that Deutsche Bank will not respond to Plaintiff's discovery requests submitted June 15, 2011.

13.  Attached hereto as Exhibit J is a true and correct copy of a letter received via email by Stanley H. Roehrig from David B. Rosen dated July 13, 2011, advising that Real Time and MERS will not respond to Plaintiff's discovery requests submitted June 17, 2011.

14.  Attached hereto as Exhibit K is a true and correct copy of the Complaint, Exhibits "1" - "4"; Summons filed in USDC Civil No. 11-00632 JMS -RLP by Deutsche Bank National Trust Company, as Trustee Morgan Stanley ABS Capital I Inc. Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC1, filed on October 20, 2011 and served on Plaintiff's Leigafoalii Tafue Williams and Papu Christopher Williams on November 14, 2011.

15.  Attached hereto as Pages 1 through 9 of Exhibit L is a true and correct copy of the Revised Order Directing Joint Administration of Related Chapter 11 Cases, entered on April 4, 2007, in which Defendant Home 123 is one of the Debtors under Civil No. 07-010421 (KJC), said case to be administered under Case No. 07-10416 (KJC).  Attached hereto as Pages 10 through 13 is a true and correct copy of the pages 1, 2, 3 , and 1399 of the docket from U.S. Bankruptcy Court for the District of Delaware, Civil No. 07-10416 (KJC), which reflect that this case is still open.  I personally called the Clerk of the Bankruptcy Court in Delaware on the morning of November 22, 2011, and confirmed that the case is still pending and that Home 123 is still in bankruptcy.  A thorough word search of the entire 1,399-page docket revealed no evidence that the automatic stay of the Home 123 mortgage at issue in this matter has ever been lifted.  Complaint (without exhibits) filed in the above-entitled action on August 27, 2009.

16.  Attached hereto as Exibit M is a true and correct copy of Home 123 bankruptcy petition filed obtained from the Public Access to Court Electronic Records (PACER) at http://pacer.psc.uscourts.gov, which shows Deutsche Bank as an unsecured creditor of the bankruptcy at Exhibit M, page 6.

17.  Attached hereto as Exhibit N is a true and correct copy of the bankruptcy case of In re Ellis, 441 B.R. 656 (D. Idaho) (2010).

18.  Attached hereto as Exhibit O is a true and correct copy of the case of 40235 Washington Street Corporation v. Lusardi, 329 F.3d 1076 (United States Court of Appeals, Ninth Circuit) (2003).

3

19.     Attached hereto as Exhibit P is a true and correct copy of the bankruptcy case of *In re Springfield Furniture*, 145 B.R. 520 (E.D. Virginia) (1992).

20.     Attached hereto as Exhibit Q is a true and correct copy of the bankruptcy case of *In re Johnson*, 346 B.R. 190 (U.S. Bankruptcy Appellate Panel, Ninth Circuit) (2006).

21.     Attached hereto as Exhibit R is a true and correct copy of the bankruptcy case of *In re Alder, Coleman Clearing Corp.*, 247 B.R. 51 (S.D. New York) (1999).

22.     Attached hereto as Exhibit R-1 is a true and correct copy of the case of *Deutsche Bank National Trust Company v. Maraj*, 856 N.Y.S.2d 497 (2008).

23.     Attached hereto as Exhibit S is a true and correct copy of an article entitled "Truth Will Out: Persons & Companies of Interest from Mortgage Documents," written by Lynn E. Szymoniak, Esq., Ed., Fraud Digest, and Lisa Epstein, Ed., Foreclosure Hamlet, July 1, 2010, obtained from the website, Scribd.com on November 21, 2011.

24.     Attached hereto as Exhibit T is a true and correct copy of a Saxon Mortgage Services, Inc., Company Profile by Insideview, obtained November 22, 2011, showing that Valerie Clark is a Senior Vice President - Foreclosure/Bankruptcy/Property Preservation for Saxon Mortgage Services, Inc.

25.     Attached hereto as Exhibit U is a true and correct copy of the Morgan Stanley ABS Capital I Inc. Trust 2007-NC1, as obtained from the Securities Exchange Commission (SEC) website on May 3, 2011.

26.     Attached hereto as Exhibit V is a true and correct copy of the case of *Nizan v. Wells Fargo Bank Minnesota National Association*, 274 Va. 481, 650 S.E.2d 497 (2007).

27.     Attached hereto as Exhibit V-1 is a true and correct copy of the bankruptcy case of *In Re Jones*, 2008 WL 4539486 (Bkrtcy.D.Mass) (2008).

28.     Attached hereto as Exhibit W is a true and correct copy of the bankruptcy case of *In re Hayes*, 393 B.R. 250 (D. Mass.) (2008).

29.     Attached hereto as Exhibit X is a true and correct copy of the Deutsche Bank AG – Non-Prosecution Agreement dated December 21, 2010, obtained from the office of the U.S. Department of Justice, United States Attorney for the Southern District of New York.

30.     Attached hereto as Exhibit Y is a true and correct copy of the case of *Indymac Bank v. Miguel*, 117 Hawai`i 506, 184 P.3d 821 (2008).

31.     Attached hereto as Exhibit Z is a true and correct copy of the case of

*International Savings and Loan Association v. Woods*, 69 Haw. 11, 731 P.2d 151 (1987).,

I, the undersigned, do declare under penalty of law that the foregoing is true and accurate.

DATED: Hilo, Hawaii, December 1, 2011.

/s/
Gretchen H. Klungness

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
STATE OF HAWAII

LEIGAFOALII TAFUE WILLIAMS, fka    )    CIVIL NO. 09-1-1906 BIA
LEIGAFOALII TAFUE KOEHNEN,       )
                               )
          Plaintiff,          )    NOTICE OF HEARING
                               )
     vs.                    )
                               )
DAWN RICKARD; HOME 123       )
CORPORATION, a California corporation;  )
its successors and assigns; MORTGAGE  )
ELECTRONIC REGISTRATION      )
SYSTEMS, a Delaware corporation;    )
DEUTSCHE BANK NATIONAL TRUST  )
COMPANY, as Trustee for Morgan Stanley  )
ABS CAPITAL I Inc., MSAC-2007-NC1, a  )
New York corporation; REAL TIME    )
RESOLUTIONS, INC., and DOES 1-30,   )
                               )
        Defendants.        )
                               )

## NOTICE OF HEARING

TO:    ALL COUNSEL AND PARTIES LISTED ON THE ATTACHED CERTIFICATE OF SERVICE

     YOU ARE HEREBY NOTIFIED that the foregoing motion is set for hearing before the Honorable Bert I. Ayabe in his Courtroom at Ka`ahumanu Hale, 777 Punchbowl Street, Honolulu, Hawai`i, on *Dec. 27, 2011*_____, at *9:30 a.m*, or as soon thereafter as counsel can be heard.

     DATED: Honolulu, Hawaii, December _2_, 2011.

                             _(signature)_

               for    James J. Bickerton
                    Attorney for Plaintiff
                    Leigafoalii Tafue Williams

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was duly served by mailing a copy of same on December 2, 2011, to:

J. BLAINE ROGERS, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street, Suite 1800
Honolulu, Hawaii 96813

DAVID E. McALLISTER, ESQ.
Pite Duncan, LLP
P.O. Box 17935
San Diego, California 92177-0935

DAVID B. ROSEN, ESQ.
Pite Duncan, LLP
810 Richard Street, Suite 880
Honolulu, Hawaii 96813

JOHN S. CARROLL, ESQ.
810 Richard Street, Suite 6810
Honolulu, Hawaii 96813

James J. Bickerton
Attorney for Plaintiff
Leigafoalii Tafue Williams