Westlaw.

Page 1

Not Reported in N.E.2d, 2010 WL 59277 (Mass.Land Ct.)
(Cite as: 2010 WL 59277 (Mass.Land Ct.))

▷
Only the Westlaw citation is currently available.

Massachusetts Land Court.
Department of the Trial Court, Plymouth County.
NEW CENTURY MORTGAGE CORPORATION,
Consumer Solutions Reo, LLC, and Consumer Solutions, LLC, Plaintiffs,
v.
Shuann N. BRAXTON, and Kenya D. Nickerson-Braxton, Defendants.

No. 09 MISC 393485(GHP).
Jan. 11, 2010.

### DECISION

GORDON H. PIPER, Justice.

*1 This case, which commenced in this court February 13, 2009, seeks reformation of two mortgages given to New Century Mortgage Corporation ("New Century") by Shuann N. Braxton and Kenya D. Nickerson-Braxton ("Defendants"). I heard argument on the motion for summary judgment filed by plaintiffs, granting it in part, and reserving ruling on the question of the plaintiffs' standing in this action, challenged by defendants (who filed a motion to dismiss, see note 1, below, argument on which I heard at the same time as the summary judgment motion). At and following the hearing, I afforded the parties opportunities to make supplemental filings. Those I now have, and so I proceed to rule on the open aspects of the summary judgment motion and the motion to dismiss. I conclude that plaintiffs, despite the opportunity the court has afforded them, have been unable to demonstrate their standing to have this court adjudicate this case, which I therefore direct be dismissed without prejudice.

On March 16, 2009, New Century filed a Request for Default Pursuant to Mass. R. Civ. P. 55(a). Defendants were defaulted by the court (Patterson, Rec.) on March 17, 2009. On March 19, 2009, counsel appeared for Defendants, who filed an Objection to Request for Default, and an Answer to the Complaint. The Defendants' Answer was not docketed because, at the time, they had been defaulted. A case management conference was held on April 7, 2009, during which, with assent of counsel for New Century, I allowed the Defendants' Motion to Vacate Default. Counsel for New Century reported that one of the subject mortgages had, since the commencement of this action, been assigned to Consumer Solutions REO, LLC and that the second subject mortgage was in the process of being assigned to the same assignee.

On May 27, 2009, New Century brought a motion to file an Amended Complaint to add Consumer Solutions REO, LLC ("Consumer Solutions REO") as a plaintiff, and filed a motion for summary judgment. I allowed the motion to amend on June 2, 2009. (Hereinafter New Century and Consumer Solutions REO collectively are referred to as "Plaintiffs"). On June 16, 2009, Defendants filed an Objection to Motion to File Amended Complaint, and a motion to dismiss pursuant to Mass. R. Civ. P. 12(b)(6).

On August 13, 2009, argument was held on both motions, treating Defendants' motion to dismiss as a cross-motion for summary judgment.[FN1] The issues presented by the Plaintiffs' motion for summary judgment were confined to whether the plaintiff-mortgagees were entitled to reformation of the subject mortgages on a theory that, as a result of mutual mistake of all parties to the transaction, incorrect legal descriptions were appended to, and recorded with, the mortgages. The Defendants disputed that the mistake resulting in the incorrect property description was mutual, and also have challenged the standing of the Plaintiffs to maintain this action, arguing (1) that Plaintiffs cannot prove they hold either of the subject mortgages, and (2) that in light of the bankruptcy of New Century, New Century had no right to assign its interest to Consumer Solutions REO (or any other entity) without leave of the Bankruptcy Court.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.E.2d, 2010 WL 59277 (Mass.Land Ct.)
(Cite as: 2010 WL 59277 (Mass.Land Ct.))

Page 2

FN1. A motion filed under Mass. R. Civ. P. 12(b) "shall be made before pleading if a further pleading is permitted." *See* Mass. R. Civ. P. 12(b). The Defendants filed an Answer on March 19, 2009.

*2 After argument, I made rulings which were laid upon the record from the bench, and reflected on the court's docket for this case. I deferred ruling on the Defendants' motion, allowing the parties to file supplemental submissions addressing whether, in light of the orders of the Bankruptcy Court in Delaware, and the appointment of a **liquidating trustee** for **New Century**, the Plaintiffs had the requisite authority to maintain this action. On the Plaintiffs' motion regarding entitlement to reformation, I ruled in their favor, as the docket entry reflects:

Subject to the Foregoing Prerequisite to Entering Judgment [i.e, that there be an appropriate showing of plaintiffs' standing], the Court GRANTED IN PART the Plaintiffs' Motion for Summary Judgment and Will, if There Is a Plaintiff with Standing and the Court Is Accordingly Able to Reach the Merits, Enter Judgment Reforming the Mortgage to Reflect What the Court Finds as a Matter of Law to Have Been, Based on the Evidence Properly Before it On the Summary Judgment Record, the Arguments and Submissions of Counsel, Granting Every Inference to the Party Opposing, Finding No Material Fact in Dispute, and Applying the Applicable Standard in Mass. R. Civ. P. 56, the Intent of All Parties to the Transaction that a Valid Recordable Mortgage of Property Located on Grafton Street Be Granted by the Defendants. This Reformation Is Based on a Finding that All Parties to the Transaction Were Mutually Mistaken; the Mortgages Identified the Grafton Street Property as the Land Being Mortgaged; None of the Parties Accomplished What They Intended, Which Was to Create and Duly Record Valid Mortgages on the Grafton Street Property Being Purchased the Same Day by the Braxtons with Proceeds of the Loans Being Secured by Mortgages in Question.

*See New Century Mortgage Corp. v. Braxton,* Land Court Misc. Case No. 393485 (Aug. 13, 2009)(Piper, J.).

On August 27, 2009, Plaintiffs made their initial supplemental filing. The court received the response of the Defendants on September 1, 2009. On September 3, 2009, I granted the Plaintiffs' request for more time to establish standing, because I found the initial filing was facially inadequate, and I requested an affidavit showing how either plaintiff is a party with standing to seek reformation. On September 24, 2009, Plaintiffs filed an affidavit and a substantial appendix of documents. On September 25, 2009, Plaintiffs brought a Motion for Substitution of Parties, also accompanied by an appendix of documents. Defendants have declined to file responses to these further filings by Plaintiffs.

For the purposes of deciding the pending motion relative to the standing of the Plaintiffs, I find the following facts to be material and without dispute:

1. On June 30, 2006, the Defendants, by deed recorded in the Plymouth County Registry of Deeds ("Registry") at Book 32974, Page 164, acquired two parcels of land comprising 76 Grafton Street, Brockton, Plymouth County, Massachusetts ("Property").

*3 2. To fund the purchase of the Property, on June 30, 2006, Defendants granted a purchase money first mortgage to New Century, securing a loan in the original principal amount of $250,400.00, and recorded at the Registry at Book 32974, Page 166 ("First Mortgage").

3. Defendants also granted to New Century on June 30, 2006, a purchase money second mortgage, securing a loan in the original principal amount of $62,600.00 and recorded at the Registry in Book 32974, Page 186 ("Second Mortgage").

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.E.2d, 2010 WL 59277 (Mass.Land Ct.)
(Cite as: 2010 WL 59277 (Mass.Land Ct.))

Page 3

4. The legal description of property, attached to each mortgage as "Exhibit 'A,' " is for property located at 150 Auburn Street, Brockton, Massachusetts, property in and to which the Defendants have never at any time had any right, title, or interest. Defendants never occupied or had any other connection with the Auburn Street property at any time prior to the initiation of this action.

5. In April of 2007, New Century TRS Holdings, Inc., of which plaintiff New Century Mortgage Corporation is an affiliate or subsidiary, filed chapter 11 bankruptcy proceedings. Pursuant to those proceedings, by order of the Bankruptcy Court, on August 1, 2008, a liquidating trust was created with Alan M. Jacobs as trustee, and all of New Century's assets were distributed to the liquidating trust.

6. On September 23, 2009, counsel for Plaintiffs obtained a document titled "Mortgage Loan Purchase Agreement (Sub-Performing/Scratch and Dent) (Joint Bidders)" which is dated May 4, 2007, and executed between Morgan Stanley Capital Inc., as Seller, and three different entities as Bidders: CFSC Capital Corp. VIII; Consumer Solutions, LLC; and Cargill Financial Services Corporation. Exhibit A to the Mortgage Loan Purchase Agreement is titled "Mortgage Loan Schedule" and both the First Mortgage and the Second Mortgage can be found on the Mortgage Loan Schedule.

7. Counsel for Plaintiffs represents, in an affidavit, that Consumer Solutions, LLC was the "Prevailing Bidder" in the Mortgage Loan Purchase Agreement.

8. Counsel for Plaintiffs has obtained a document titled "Limited Liability Company Agreement of Consumer Solutions REO, LLC" dated May 29, 2007, and executed by Consumer Solutions, LLC as the "Sole Member."

9. On March 26, 2008, a Limited Power of Attorney was granted to Consumer Solutions, LLC by New Century "in connection with, and relat[ing] solely to, the mortgage loans ... originated by New Century ... that Consumer Solutions, LLC ... acquired pursuant to one or more secondary market transactions." The Limited Power of Attorney was recorded with the Salt Lake County Recorder of Deeds in Utah, at Book 9586, Page 8991.

10. On March 31, 2009, New Century executed a document purporting to assign the First Mortgage to Consumer Solutions REO, with an "effective date" of June 2, 2007. The purported assignment was recorded at the Registry on April 3, 2009 at Book 37022, Page 153.

11. On September 23, 2009, Consumer Solutions, LLC executed an "Assignment of Mortgage" purporting to assign the First Mortgage from Consumer Solutions, LLC as attorney-in-fact for New Century Mortgage Corporation, to Consumer Solutions, LLC. This assignment was recorded with the Registry on September 24, 2009 at Book 37745, Page 110.

*4 12. On September 23, 2009, Consumer Solutions REO executed an "Assignment of Mortgage" purporting to assign the First Mortgage from Consumer Solutions REO, LLC to Consumer Solutions, LLC. This assignment was recorded with the Registry on September 24, 2009 at Book 37745, Page 112.

13. An entity called FV-I, Inc. filed in this court, on February 27, 2007, a complaint under the Servicemembers Civil Relief Act in connection with an intended foreclosure of the First Mortgage. In its complaint, FV-I, Inc. claimed to be the holder of that Mortgage. Judgment in the Servicemembers action entered on May 8, 2007. *See FV-I, Inc. v. Braxton,* Land Court Misc. Case No. 341941 (May 8, 2007).

"Summary judgment is granted where there are no issues of genuine material fact, and the moving party is entitled to judgment as a matter of law." *Ng*

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.E.2d, 2010 WL 59277 (Mass.Land Ct.)
(Cite as: 2010 WL 59277 (Mass.Land Ct.))

*Bros. Constr. v. Cranney,* 436 Mass. 638, 643-644 (2002); Mass. R. Civ. P. 56(c). "The moving party bears the burden of affirmatively showing that there is no triable issue of fact." *Ng Bros.,* 436 Mass. at 644. In determining whether genuine issues of fact exist, the court must draw all inferences from the underlying facts in the light most favorable to the party opposing the motion. *See Attorney General v. Bailey,* 386 Mass. 367, 371, *cert. den. sub nom. Bailey v. Bellotti,* 459 U.S. 970 (1982). Whether a fact is material or not is determined by the substantive law, and "an adverse party may not manufacture disputes by conclusory factual assertions." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Ng Bros.,* 436 Mass. at 648.

Standing is a jurisdictional requirement. *See Planning Bd. of Marshfield v. Zoning Bd. of Appeals of Pembroke,* 427 Mass. 699, 703 (1998). When a defendant challenges the jurisdictional standing of a plaintiff by motion supported by "extra-pleadings material, the defendant[ ] contest[s] the accuracy (rather than the sufficiency) of the jurisdictional facts pleaded...." *Callahan v. First Congregational Church of Haverhill,* 441 Mass. 699, 710-11 (2004). In that instance, the plaintiff has the burden of proving jurisdictional facts, and the plaintiff's factual "averments" receive no "presumptive weight." *Id.* Disputed facts are not viewed "in the light most favorable to the non-moving party" as they would be normally under the summary judgment standard. *Wooten v. Crayton,* 66 Mass.App.Ct. 187, 189-90 n. 6 (2006). *See also Segal v. First Psychiatric Planners, Inc.,* 68 Mass.App.Ct. 709, 716 (2007) (Meade, J. dissenting) ("When the materials submitted present a 'factual challenge' to jurisdiction (as opposed to raising the legal sufficiency of uncontested jurisdictional facts), the plaintiff's allegations are given no presumptive weight.").

It is not clear from the record exactly what happened to the subject mortgages subsequent to their grant in June of 2006. By February 27, 2007, FV-I, Inc. was before this court claiming to be the holder of at least the First Mortgage; in April of 2007, New Century filed for bankruptcy; and in May of 2007, Morgan Stanley was claiming to hold the subject mortgages. In February of 2009, New Century commenced this lawsuit, presenting itself as the holder of the subject mortgages. On March 31, 2009, New Century executed and recorded a document purporting to assign the First Mortgage to Consumer Solutions REO, with an "effective date" of June 2, 2007.

*5 Plaintiffs must demonstrate that either one or both of them hold the subject mortgages, to show their entitlement to seek and obtain a judgment of reformation in this equitable action. To do this, Plaintiffs must overcome a scattered and incomplete record that consists largely of off-record transfers, and assignments that post-date the commencement of this lawsuit. Plaintiffs have the additional obstacle of the pending bankruptcy of New Century to overcome; essentially they must show not only that the mortgages were transferred from New Century to Consumer Solutions REO, but that the transfers took place either before the bankruptcy, or with leave of the bankruptcy court or liquidating trustee. The Plaintiffs bear the burden of proving their standing, and their factual allegations are not viewed in an indulgent light. *See Callahan, supra,* at 710-11.

To support the view that the subject mortgages were not held by New Century in April of 2007, when the bankruptcy began, there is the Mortgage Loan Purchase Agreement between Morgan Stanley and Consumer Solutions, LLC, dated May 4, 2007. However, there is no evidence of how the subject mortgages came to be held by Morgan Stanley, or by precisely what date they were no longer held by New Century. The missing evidence of a transfer out from New Century breaks the chain of holders of the disputed mortgages. The mere fact that Morgan Stanley purported to hold, and transfer, the subject mortgages to Consumer Solutions, LLC in the spring of 2007 does not entitle the Plaintiffs to the inference that there "must be" an assignment

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

(unrecorded) from New Century to Morgan Stanley (or to some intermediate entity) prior to April of 2007.

The unrecorded instruments introduced by the Plaintiffs do not adequately show any transfer of the mortgage out from New Century. Looking past the confusion and inconsistencies created by the unrecorded instruments, it appears from review of the record instruments that the mortgages traveled a somewhat clearer path. On July 3, 2006, New Century recorded the First Mortgage and Second Mortgage granted by the Defendants on June 30, 2006. On March 31, 2009, New Century executed and recorded an assignment of the First Mortgage to Consumer Solutions REO, with a purported " effective date " of June 2, 2007. Finally, on September 23, 2009, Consumer Solutions, LLC, as attorney-in-fact for New Century, executed, and the next day recorded, an assignment of each the First Mortgage and the Second Mortgage, to Consumer Solutions, LLC. Consumer Solutions REO also assigned whatever interest it had in the First Mortgage to Consumer Solutions, LLC on September 23, 2009.[FN2] The result is that, by record assignments, it is possible to trace the path of both subject mortgages from New Century to Consumer Solutions, LLC. This record chain could well be enough to show that Consumer Solution REO or Consumer Solutions, LLC had a sufficiently justiciable interest in the subject mortgages to have standing to seek reformation in this court.

> FN2. These two assignments are the subject of Plaintiffs' Motion for Substitution of Parties, filed September 25, 2009, which I ALLOW in part (adding the putative assignee, Consumer Solutions, LLC as an additional party, as opposed to as a substituted party) so that the record on summary judgment is complete and up to date. For the reasons next given in this decision, however, these assignments, and the allowance of the motion, does not alter the outcome of the summary judgment motions which are the subject of this decision.

*6 This conclusion, however, brings us back full circle. All of the recorded assignments out from New Century took place during the pendency of the bankruptcy proceedings in Delaware (which commenced in April of 2007). The terms of the August 13, 2009 Order of this court required the Plaintiffs to show how New Century could assign the subject mortgages, or maintain this action, in light of the bankruptcy proceedings and especially the transfer of assets to a **liquidating trust**. This could have been accomplished in any number of ways, perhaps by introducing evidence that the **liquidating trustee** permitted assignment of the subject mortgages or affirmatively authorized this action to be brought by New Century, or by legal memorandum showing the assignments were not prohibited by bankruptcy law. The Plaintiffs, however, made no showing that New Century was permitted to assign the subject mortgages, or permitted to maintain this action. The Plaintiffs' filings do not show what the Plaintiffs needed to show.

For the forgoing reasons, the Plaintiffs have failed, in their responses to the Orders of this court made on August 13, 2009 and September 3, 2009, to demonstrate their standing and authority to proceed with this action. Summary judgment must be granted in favor of the Defendants because Plaintiffs have failed to show that they possess the requisite standing. I will direct entry of a judgment of dismissal without prejudice.

Judgment accordingly.

Mass.Land Ct.,2010.
New Century Mortg. Corp. v. Braxton
Not Reported in N.E.2d, 2010 WL 59277 (Mass.Land Ct.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.