Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON          1126
J. BLAINE ROGERS     8606
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone:  (808) 524-1800
Facsimile:   (808) 524-4591
E-mail:       palston@ahfi.com
                    brogers@ahfi.com

Attorneys for Plaintiff
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE MORGAN
STANLEY ABS CAPITAL I INC.
TRUST 2007-NC1 MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2007-NC1

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC1, | ) ) ) ) ) ) | CIVIL NO. 11-00632 JMS-RLP DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC1'S **OPPOSITION** TO |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | (continued on next page) **HEARING:** |
| LEIGAFOALI`I TAFUE WILLIAMS, fka LEIGAFOALI`I TAFUE KOEHNEN; PAPU CHRISTOPHER WILLIAMS; REAL TIME | ) ) ) ) | Date:   March 5, 2012 Time:   10:00 a.m. Judge:  J. Michael Seabright |

RESOLUTIONS, INC; CAROLYN            )       DEFENDANTS WILLIAMS'
RUTH KOEHNEN, AS TRUSTEE OF          )       **MOTION TO DISMISS**
THE CAROLYN R. KOEHNEN               )       **COMPLAINT** FILED 10/20/11;
REVOCABLE LIVING TRUST U/A,          )       DECLARATION OF J. BLAINE
DATED APRIL 14, 1986; and JOHN       )       ROGERS; EXHIBITS "1" – "11";
DOES 1-5,                            )       CERTIFICATE OF SERVICE
                                     )
            Defendants.              )
                                     )
_____        )

813901v2 / 10554-2

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................. ii

I.      INTRODUCTION................................................................. 1

II.     BACKGROUND.................................................................. 2

        A.      Facts ................................................................. 2

        B.      The Prior Action ................................................... 3

        C.      Procedure .......................................................... 8

III.    ARGUMENT .................................................................... 8

        A.      Legal Standard ..................................................... 9

        B.      This Court Has Subject Matter Jurisdiction ....................... 11

                1.      There Is Complete Diversity............................... 11

                2.      Defendants' "Standing" Argument Fails ................... 14

                        a.      Defendants are neither Parties to nor Beneficiaries
                                of the Assignment or PSA and Therefore Cannot
                                Challenge Them ............................................. 14

                        b.      Deutsche Bank has Sufficiently Alleged that it is
                                the Real Party in Interest ................................ 16

                        c.      Defendants Jurisdictional Arguments are
                                Inextricably Intertwined with the Merits of this
                                Foreclosure Action ........................................ 22

        C.      Abatement Is Unwarranted Because All Claims In The Prior
                Action Were Conclusively Adjudicated In Deutsche Bank's
                Favor ............................................................... 23

IV.     CONCLUSION ................................................................. 24

813901v2 / 10554-2

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abubo v. Bank of New York Mellon,*
    2011 WL 6011787 (D. Haw. 2011)...............................................................14

*Augustine v. United States,*
    704 F.2d 1074 (9th Cir. 1983)............................................................10, 22

*Cooper v. Bank of New York Mellon,*
    2011 WL 3705058 (D. Haw. 2011)...........................................................14

*Correia v. Deutsche Bank National Trustee Co.,*
    452 B.R. 319 (B.A.P. 1st Cir. 2011) ........................................................15

*Doran v. 7-Eleven, Inc.,*
    524 F.3d 1034 (9th Cir. 2008)....................................................................17

*Elk Grove Unified Sch. District v. Newdow,*
    542 U.S. 1 (2004) .......................................................................................16

*Exxon Mobil Corp. v. Allapattah Services, Inc.,*
    545 U.S. 546 (2005) .....................................................................................9

*Greene v. Home Loan Serv., Inc.,*
    2010 WL 3749243 (D. Minn. 2010) .........................................................15

*Juarez v. U.S. Bank National Association,*
    2011 WL 5330465 (D. Mass. 2011)...........................................................15

*Kilbourn v. Western Sur. Co.,*
    187 F.2d 567 (10th Cir. 1951)..............................................................18, 19

*Kingman Reef Atoll Investments, L.L.C. v. United States,*
    541 F.3d 1189 (9th Cir. 2008)....................................................................10

*Kunzman v. Deutsche Bank National Trust Company,*
  2011 WL 4055286 (D. Colo. 2011) ............................................................. 13

*Livonia Property Holdings, L.L.C. v. 12840-12976 Farmington Road
  Holdings, LLC,*
  717 F. Supp. 2d 724 (E.D. Mich. 2010) ....................................................... 14

*Long v. One West Bank,*
  2011 WL 3796887 (N.D. Ill. 2011) ............................................................. 15

*Safe Air for Everyone v. Meyer,*
  373 F.3d 1035 (9th Cir. 2004) ...................................................................... 9

*Scarola v. Deutsche Bank National Trust Company,*
  2011 WL 5335618 (M.D. Fla. 2011) ..................................................... 12, 13

*Sprint Commc'ns Co. v. APCC Services, Inc.,*
  554 U.S. 269 (2008) ........................................................................ 16, 17, 18

*Staggers v. Otto Gerdau Co.,*
  359 F.2d 292 (2d Cir. 1966) ........................................................................ 18

*In re Veal,*
  450 B.R. 897 (B.A.P. 9th Cir. 2011) ................................... 16, 17, 18, 19, 21

*Velasco v. Security National Mortgage Company,*
  2011 WL 4899935 (D. Haw. 2011) .............................................................. 14

*Wachovia Bank v. Schmidt,*
  546 U.S. 303 (2006) ............................................................................. 11, 12

*Warth v. Seldin,*
  422 U.S. 490 (1975) .................................................................................... 16

*In re Wright,*
  2012 WL 27500 (Bkrptcy. D. Haw. Jan. 5, 2012) ............................ 19, 21, 22

813901v2 / 10554-2

## STATE CASES

*Bank of Honolulu, N.A. v. Anderson,*
    3 Haw. App. 545, 654 P.2d 1370 (1982)........................................................ 20

*Deutsche Bank National Trust Company v. Maraj,*
    856 N.Y.S.2d 497, 2008 WL 253926 (N.Y. Sup. Ct. 2008) .......................... 12

## FEDERAL STATUTES

28 U.S.C. § 1332 ............................................................................................... 9

28 U.S.C. § 1348 ................................................................................... 11, 12, 13

## FEDERAL RULES OF CIVIL PROCEDURE

FRCP 12 .............................................................................................. 9, 10, 22

FRCP 17 .......................................................................................................... 18

## STATE STATUTES

HRS § 490:1-201 ............................................................................................. 19

HRS § 490:3-203 ....................................................................................... 19, 20

HRS § 490:3-301 ............................................................................................. 19

HRS § 502-83 .................................................................................................. 21

813901v2 / 10554-2

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC1'S **OPPOSITION** TO DEFENDANTS WILLIAMS' **MOTION TO DISMISS COMPLAINT** FILED 10/20/11

## I.    INTRODUCTION

Defendants' Motion should be denied.[1]  Deutsche Bank[2] is a national bank with its designated main office in California and, as a result, there is complete diversity between the parties.  Defendants are not parties to or beneficiaries of the Assignment or the Pooling and Servicing Agreement ("PSA") and therefore have no standing to challenge those contracts.  However, even if they did, their jurisdictional challenge fails because Deutsche Bank is entitled to enforce the note that is secured by the mortgage.  And, even if the Court has some concerns about Defendants' arguments, dismissal is inappropriate where Defendants raise issues that are inextricably intertwined with the substantive merits of this foreclosure action.  Finally, there is no reason for abatement where no other pending case involves the same issues.

---

[1] "Defendants" refers collectively to Defendants Leigafoali'i Tafue Williams ("Lei Williams") and Papu Christopher Williams ("Papu Williams").  "Motion" refers to *Defendants Williams' Motion to Dismiss Complaint filed 10/20/11*, which was filed on December 19, 2011 (Doc. 13).

[2] "Deutsche Bank" refers to Plaintiff Deutsche Bank National Trust Company, as Trustee Morgan Stanley ABS Capital I Inc. Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC1.

## II.   BACKGROUND

### A.   Facts

This matter arises out Lei Williams' default on a $280,000 promissory note (the "Note") executed on August 17, 2006 in favor of Home 123 Corporation ("Home 123").  The Note, which refinanced an existing loan, was secured by a Mortgage, also executed on August 17, 2006, on real property located at 45 Lama Street in Hilo (the "Property").  The Mortgage was recorded in the Bureau of Conveyances of the State of Hawai`i (the "Bureau") as Document No. 2006-159847 on August 31, 2006 (the "Mortgage").  It constitutes a first lien on the Property.[3] Deutsche Bank owns the Note and Mortgage and is entitled to enforce them.

The Mortgage forbids any transfer of the Property without the Lender's prior written consent; such transfers result in acceleration of all sums secured by the Mortgage.  On October 31, 2007, without seeking consent, Lei Williams transferred the Property to herself and Papu Williams, as tenants by the entirety.

In 2008, Lei Williams stopped making payments on the Note.  As a result, in May 2009, Deutsche Bank recorded a notice of intent to foreclose in the

---

[3] Also on August 17, 2006, Lei Williams executed loan documents for a second loan in the amount of $70,000.00 ("Second Mortgage").  The Second Mortgage was subsequently assigned to Defendant Real Time Resolutions, Inc. ("Real Time").

2

Bureau.  Shortly thereafter (and as set forth in more detail below), Lei Williams

brought a lawsuit (the "Prior Action") against Deutsche Bank, Real Time, and

others alleging misconduct in the origination of the Loan.  Deutsche Bank took no

further action on the non-judicial foreclosure.

**B.    The Prior Action[4]**

The Prior Action was filed on August 17, 2009 in the First Circuit,

State of Hawai`i ("State Court") against Deutsche Bank, Real Time, Mortgage

Electronic Registration Systems, Inc. ("MERS"), Home 123, and its agent Dawn

Rickard ("Rickard"); shortly afterwards, that case was removed to the United States

District Court for the District of Hawai`i ("Federal Court") as *Williams v. Rickard,*

*et al.*, Civil No. 09-00535 SOM-KSC.[5]

In February 2010, Lei Williams filed a 120-page First Amended

Complaint (Prior Action Doc. No. 27, "FAC"), which included 16 claims, only two

of which were against Deutsche Bank:  (1) Count 12, which sought rescission of the

Note and Mortgage based on Home 123 and Rickard's allegedly unfair and

---

[4] This action follows over two and a half years of litigation on Lei Williams'
affirmative claims arising from alleged loan origination misconduct in 2006.
Because Defendants base their "abatement" argument on what they wrongly
contend is the continued viability of that suit, Deutsche Bank provides an overview
of it here.

3

deceptive trade practices ("UDAP") under Hawai`i Revised Statutes ("HRS") § 480-12, (FAC ¶¶ 308-332); and (2) Count 13, which sought rescission and damages for alleged Truth in Lending Act ("TILA") violations by Home 123 and Rickard. (FAC ¶¶ 333-358).[6]

On March 25, 2010, Deutsche Bank moved to dismiss the FAC. (Prior Action Doc. Nos. 28 & 30). On June 30, 2010, the court granted in part and denied in part that motion, leaving only the claims for rescission. (Prior Action Doc. No. 44).

On December 15, 2010, Deutsche Bank moved for summary judgment on the rescission claims. (Prior Action Doc. Nos. 62 & 63). On February 9, 2011, the court granted the motion with respect to the TILA rescission claim. (Prior Action Doc. No. 78 at 8, 18).

The court denied the motion without prejudice as to the UDAP rescission claim based on Lei Williams' "assertion that she now has the ability to tender . . . ." (*Id.* at 20). After further briefing, the court granted summary judgment on that claim because there was no genuine issue as to Lei Williams' inability to effectuate rescission. (Prior Action Doc. No. 141 at 14-21).

---

[5] Deutsche Bank requests the Court take judicial notice of the docket and pleadings in the Prior Action pursuant to Federal Rule of Evidence 201.

Finally, based on its explicit finding that the only claims remaining in the Prior Action were Lei Williams' state law claims against Home 123 and Rickard, the court declined to exercise supplemental jurisdiction over those claims and remanded them to State Court pursuant to 28 U.S.C. § 1367(c). (*Id.* at 23-25). That same day, the court entered final judgment in favor of Deutsche Bank, Real Time, and MERS. (Prior Action Doc. No. 142). Lei Williams did not notice an appeal of any of the rulings in favor of Deutsche Bank.

Despite the foregoing, Lei Williams, on June 6, 2011, filed a motion asking the State Court to reconsider the UDAP summary judgment order on the basis that the District Court erred by failing to: (1) balance the parties' respective equities on the UDAP rescission claims; and (2) require Deutsche Bank (and Real Time) to prove they were holders in due course of the mortgages. Exhibit "1." At the June 28, 2011 hearing, counsel for Deutsche Bank and Real Time entered special appearances and argued that the State Court did not have jurisdiction to reconsider the 5/25/11 Order. The State Court ordered supplemental briefing on the jurisdiction question. Exhibit "2." Following another hearing, the State Court issued a minute order on July 26, 2011 finding that it had jurisdiction to hear the Motion for Reconsideration because the 5/25/11 Order had remanded the case

---

[6] Counts 1 through 4 were against Rickard; Counts 5 through 11 were against Home

813901v2 / 10554-2

pursuant to 28 U.S.C. § 1447(c), not 28 U.S.C. § 1367(c). Exhibit "3." Following yet another hearing, the State Court denied the Motion for Reconsideration on the basis that Judge Mollway had "conducted a thorough analysis in determining that [Lei Williams] could not unwind the loan transactions." Exhibit "4." On October 14, 2011, the State Court issued its written order denying the Motion for Reconsideration. Exhibit "5."

Undeterred, Lei Williams, on or around December 2, 2011, filed what she styled a "Motion to Clarify Prior Order or, in the Alternative, to Certify Final Judgment and to Stay Proceedings Pending Appeal" ("Motion to Clarify"). Exhibit "6." The Motion to Clarify asked the State Court to "clarify" or certify Judge Mollway's 5/25/11 Order for appeal to the Hawai`i Intermediate Court of Appeals. *Id.* In response, Deutsche Bank filed a motion to enjoin ("Motion to Enjoin") the State Court pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, arguing that Lei Williams' continued prosecution of claims conclusively decided by Judge Mollway was an improper attack on the 5/25/11 Order, the final judgment entered thereon, and the Federal Court's jurisdiction. Exhibit "7." Deutsche Bank additionally asked the Federal Court to clarify that it had already issued a final judgment in Deutsche Bank's favor pursuant to 28 U.S.C. § 1367. *Id.* at 15.

---

123; Counts 14 and 15 were against Real Time; and Count 16 was against MERS.

6

On January 25, 2012, Judge Mollway issued an order declining to enjoin the State Court but clarifying that her limited remand of the state law claims had "nothing to do with a lack of subject matter jurisdiction." Exhibit "8" at 6. Instead, the basis for the remand was her declination of **supplemental jurisdiction** (pursuant to 28 U.S.C. § 1367) over the state law claims against defendants other than Deutsche Bank. *Id.* The reference to 28 U.S.C. § 1447,[7] Judge Mollway clarified, was only for the procedural purpose of ensuring that a certified copy of the order of remand was provided to the State Court. *Id.* at 5-6.

> To summarize, § 1367(c) provides the basis for the remand order, and § 1447(c) provides the procedure to be followed. The statutes are not inconsistent. Because a remand based on § 1367(c) divests a federal court of jurisdiction as surely as compliance with the procedural requirements of § 1447(c) does, this court does not think the difference between the statutes affected any jurisdictional issue. In any event, this court cited § 1447(c) only for its procedural provisions, not for the substance of the court's remand decision.

Exhibit "8" at 8.

Finally, Judge Mollway stated she "never envisioned that, given its rulings, Williams could proceed against Deutsche Bank and Real Time in state court. It may be that the present clarification will put an end to the troubles that Deutsche Bank and Real Time say Williams is visiting on them in state court." *Id.*

---

[7] Contrary to Lei Williams' repeated assertion to the contrary, the 5/25/11 Order

7

After Deutsche Bank notified the State Court of Judge Mollway's clarification, Lei Williams moved the State Court for leave to file a supplemental memorandum ("Motion for Leave") in support of the Motion to Clarify. Exhibit "9." In the unfiled supplemental memorandum, Lei Williams asserts that Judge Mollway had no jurisdiction to clarify her own order and that the State Court has exclusive (and ongoing) jurisdiction over the dismissed claims against Deutsche Bank. *Id.* On February 1, 2012, Deutsche Bank opposed the Motion for Leave. Exhibit "10." The State Court has not ruled on the Motion to Clarify or the Motion for Leave.

### C.   Procedure

Deutsche Bank filed this foreclosure action on October 20, 2011, (Doc. No. 1). On December 19, 2011, Defendants filed the Motion.

## III.   ARGUMENT

Defendants argue this Court lacks subject matter jurisdiction over this case for three reasons: (1) there is incomplete diversity; (2) Deutsche Bank does not have "standing" to foreclose; and (3) a "related case" is pending in state court. None of these arguments has merit.

---

contains no reference to 28 U.S.C. § 1447*(c)*.

### A.    Legal Standard

In its Complaint, Deutsche Bank invoked this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States."  For a case to qualify for federal jurisdiction under § 1332, there must be total diversity of citizenship between the opposing parties—in other words, all of the plaintiffs must be citizens of different states than all of the defendants. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Defendants move to dismiss the Complaint pursuant to FRCP 12(b)(1) based upon a factual attack on subject matter jurisdiction.  In such a motion, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In resolving a factual attack, the district court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the pleadings without converting the motion to dismiss into a motion for summary judgment. *Id.*

9

This does not mean the Court is supposed to make definitive rulings on the jurisdictional facts.  As explained in *Augustine v. United States*, 704 F.2d 1074 (9th Cir. 1983):

> [W]here the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, **the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial.**
>
> In ruling on a jurisdictional motion involving factual issues that also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment, as a resolution of the jurisdictional facts is akin to a decision on the merits. . . .   Therefore, **the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.**  Unless that standard is met, the jurisdictional facts must be determined at trial by the trier of fact.

*Id.* at 1077 (emphases added; citations omitted in original).  In sum, this Court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under FRCP 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case."  *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

10

**B.      This Court Has Subject Matter Jurisdiction**

**1.      There Is Complete Diversity**

Relying on an inapposite foreign case law in support of a conspiracy theory, Defendants contend that there is not complete diversity here. Motion at 2-7. Defendants are wrong.

According to the United States Department of the Treasury, Deutsche Bank is a national bank. Exhibit "11" at 6 (highlighted).[8] National banks are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For purposes of diversity jurisdiction, a national bank is "located" only in the state where it has its designated main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006). Deutsche Bank's designated main office is in California. Exhibit "11" at 6. Deutsche Bank is therefore a citizen of California for diversity purposes.

Defendants' attempts to disregard these facts are unavailing. They first contend that the Assignment, which was attached to the Complaint as Exhibit "4," shows that Deutsche Bank's "principal place of business for purposes of foreclosure" is in fact Texas, thereby destroying diversity. Motion at 3. Defendants

11

provide no authority – because there is none – for the proposition that an assignment of mortgage is determinative of citizenship.  Nor can Defendants support their inference that the Assignment's reference to the principal place of business of Saxon Mortgage Services, Inc., Deutsche Bank's former servicing agent, has any bearing on Deutsche Bank's citizenship.

As established by statute and Supreme Court authority, Deutsche Bank's citizenship is determined only by where its designated main office is located.  28 U.S.C. § 1348; *Schmidt*, 546 U.S. at 306-307. And that office is located in California, not Texas.  Exhibit "11" at 6.  Defendants do not contest that none of the other parties is a citizen of California.  Motion at 2.  Thus, there is complete diversity.

Defendants' inapposite, foreign cases do nothing to change this analysis.  For example, in the unreported *Deutsche Bank National Trust Company v. Maraj*, 856 N.Y.S.2d 497, 2008 WL 253926 (N.Y. Sup. Ct. 2008), the court denied without prejudice Deutsche Bank's attempt to foreclose based on concerns that the assignment listed Deutsche Bank's "principal place of business" as Kansas City, Missouri and was signed by an individual with potentially multiple employers.

---

[8] Pursuant to Federal Rule of Evidence 201(b)(2), Deutsche Bank requests the Court to take judicial notice of Exhibit "11," which is a list of national banks from the U.S. Department of Treasury's website.

813901v2 / 10554-2

Diversity was not at issue in *Maraj*. And, even if it was, Deutsche Bank's principal place of business as listed in an assignment before 2008 is irrelevant to determining its citizenship as a national bank in late 2011. *Maraj* is of no help to Defendants.

*Scarola v. Deutsche Bank National Trust Company*, 2011 WL 5335618 (M.D. Fla. 2011) is similarly irrelevant. There, the court found that removal was proper because plaintiff was a citizen of Florida, Deutsche Bank was a "national banking association with its principle [*sic*] place of business in New York[,]" and subsequently-added defendants did not destroy diversity. *Id.* at *2. Again, a national bank's principal place of business is immaterial to a diversity determination under 28 U.S.C. § 1348. *Scarola*, which is based on flawed reasoning, is also irrelevant.

So too is *Kunzman v. Deutsche Bank National Trust Company*, 2011 WL 4055286 (D. Colo. 2011). In that case, the district court found Deutsche Bank's jurisdictional allegations insufficient to establish diversity. The problem in *Kunzman* was that Deutsche Bank apparently alleged (erroneously) that it was a corporation rather than a national bank. *Id.* at * 2. Based on this flawed premise (as in *Scarola*), the court found that, while Deutsche Bank had alleged its place of incorporation, it had failed to allege the second component of corporate citizenship – namely, its principal place of business. *Id.* But, as has been established, national

13

banks are under no such jurisdictional pleading obligation. *Kunzman* is of no moment.

### 2.   Defendants' "Standing" Argument Fails

Defendants next argue that there is no jurisdiction because Deutsche Bank has no "standing" to foreclose based on alleged irregularities with the Assignment and Pooling and Servicing Agreement ("PSA").   Motion at 7-12.   This argument fails for three reasons.

### a.   Defendants are neither Parties to nor Beneficiaries of the Assignment or PSA and Therefore Cannot Challenge Them

Here, Defendants do not allege – because they cannot – that they are either parties to or beneficiaries of the Assignment or the PSA.   Thus, as this Court has repeatedly held, they cannot dispute the validity of those agreements, to which they are strangers. *Velasco v. Security Nat'l Mortgage Company*, 2011 WL 4899935 at *4 (D. Haw. 2011) (citing *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010) (holding that a plaintiff who was not and is not a party to any assignments or PSA at issue "lacks standing to challenge their validity or the parties' compliance with those contracts."); *Cooper v. Bank of New York Mellon*, 2011 WL 3705058 (D. Haw. 2011) (dismissing claim pertaining to violation of PSA because borrower was neither a party nor a third-party beneficiary).

14

This Court has repeatedly rejected challenges to assignments based on allegations of noncompliance with a PSA. *Abubo v. Bank of New York Mellon*, 2011 WL 6011787 (D. Haw. 2011) (rejecting allegation that assignment was invalid as being made to a "closed" securitization trust in violation of a PSA because (1) a third party lacks standing to raise a violation of a PSA, and/or (2) because noncompliance with terms of a PSA is irrelevant to the validity of the assignment) (citing *Anderson v. Countrywide Home Loans*, 2011 WL 1627945 (D. Minn. 2011) (compliance with the chain of assignment mandated by a PSA was not relevant to the validity of the assignee's interest).[9]

It is Defendants, not Deutsche Bank, whose "standing" is flawed.

---

[9] *See also Greene v. Home Loan Serv., Inc.*, 2010 WL 3749243, at *4 (D. Minn. 2010) ("Plaintiffs are not a party to the [PSA] and therefore have no standing to challenge any purported breach of the rights and obligations of that agreement."); *Long v. One West Bank*, 2011 WL 3796887, at *4 (N.D. Ill. 2011) (rejecting argument that assignment executed after trust was closed in violation of the PSA rendered transaction invalid, reasoning that non-parties to the PSA lacked standing to challenge the assignment and "it is irrelevant to the validity of the assignment whether or not it complied with the PSA"); *Juarez v. U.S. Bank Nat'l Ass'n*, 2011 WL 5330465, at *4 (D. Mass. 2011) (reasoning that plaintiff "does not have a legally protected interest in the assignment of the mortgage to bring an action arising under the PSA"); *Correia v. Deutsche Bank Nat'l Tr. Co.*, 452 B.R. 319, 324–25 (B.A.P. 1st Cir. 2011) (rejecting argument by debtors that mortgage assignment was invalid based upon non-compliance with PSA, as debtors were neither parties, nor third-party beneficiaries, of the PSA).

15

### b.   Deutsche Bank has Sufficiently Alleged that it is the Real Party in Interest

Even if considered on its merits, Defendants' standing argument still has no traction.  As was the case in the Prior Action,[10] Defendants are confused about the doctrine.  A federal court may exercise jurisdiction over a litigant only when that litigant meets constitutional and prudential standing requirements.  *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004).  Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Constitutional standing requires an injury in fact, which is caused by or fairly traceable to some conduct or some statutory prohibition, and which the requested relief will likely redress.  *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74 (2008).  Deutsche Bank clearly satisfies the "relatively minimum requirements of constitutional standing."  *In re Veal*, 450 B.R. 897 (B.A.P. 9th Cir. 2011).

It has been injured by Lei Williams' failure to pay the Note since 2008 and it seeks to redress that injury through foreclosure.  Nowhere in the Motion do

---

[10] There, Lei Williams repeatedly argued that Deutsche Bank had to establish standing to defend itself from her affirmative claims.  Judge Mollway rejected this

Defendants challenge the fact that Lei Williams borrowed money, defaulted, and owes the amount Deutsche Bank claims is due. In fact, Defendants acknowledge Deutsche Bank's claim to ownership of the Note, which is the basis for Lei Williams' obligation to pay. Motion at 11-12 ("Finally, Deutsche Bank as the trustee of this trust represents at p. 107 of [the PSA] that it has 'received the original Mortgage Note . . . with all intervening endorsements showing a complete chain of endorsement from the originator [Home 123] to the last endorser.").

Despite all this, Defendants seize upon what they contend are irregularities in the Assignment and PSA to argue that Deutsche Bank has no power to foreclose the Property. In other words, Defendants do not argue that the Property is not subject to foreclosure due to Lei Williams' acknowledged default; they merely contend that Deutsche Bank is the improper party to pursue that remedy.

Defendants' allegations go toward whether Deutsche Bank is asserting its own legal rights or the rights of others, which is a component of prudential standing. Prudential standing " 'embodies judicially self-imposed limits on the exercise of federal jurisdiction.' " *Sprint*, 554 U.S. at 289. Prudential standing principles generally provide that a party without the legal right, under applicable substantive law, to enforce an obligation or seek a remedy with respect to it is not a

---

fallacious argument on at least three occasions. (Prior Action Docket Nos. 44, 78,

813901v2 / 10554-2

real party in interest. *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008).

" 'Generally, real parties in interest have standing, but not every party who meets the standing requirements is a real party in interest.' " *In re Veal*, 450 B.R. at 907 (citing 4 Moore's Federal Practice § 17.10[1], at p. 17–15 (3d ed. 2010) (footnotes omitted in original)).

FRCP 17(a)(1) states that: "An action must be prosecuted in the name of the real party in interest." This rule is

> designed to allow an assignee to sue in his own name.
> That having been accomplished, the modern function of
> the rule in its negative aspect is simply to protect the
> defendant against a subsequent action by the party
> actually entitled to recover, and to insure generally that
> the judgment will have its proper effect as res judicata.

Notes of Advisory Committee on 1966 Amendments to Rule 17. In this regard, most real party in interest inquiries "focus on whether the plaintiff holds the rights he or she seeks to redress." *In re Veal*, 450 B.R. at 908. But in some cases,

> statutory or common law recognizes relationships in
> which parties may sue in their own name for the benefit
> of others. In these cases, real party in interest doctrine
> potentially alters results: it allows these third parties to
> sue in their own name on actions in which they may not
> have the ultimate or direct personal stake in the matter. A
> guardian, for example, may sue on behalf of his or her
> ward, even though the recovery is solely the ward's. Civil
> Rule 17(a)(1)(C). A bailee may sue in its own name for
> damage to goods entrusted to it, even though it does not

141).

18

> own them. Civil Rule 17(a)(1)(D). **Even assignees for collection may, under certain circumstances, sue in their own name on their assignor's debt.** *See Sprint*, 554 U.S. at 284, 128 S.Ct. 2531 (dictum); *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 294 (2d Cir. 1966); *Kilbourn v. Western Sur. Co.*, 187 F.2d 567, 571–72 (10th Cir. 1951).

*Id.* (emphasis added). Real party in interest doctrine "melds procedural and substantive law; it ensures that the party bring the action owns or has rights that can be vindicated by proving the elements of the claim for relief asserted." *Id.*

The real party in interest for purposes of a claim pertaining to a mortgage loan is the party entitled to enforce the note and underlying mortgage. *In re Wright*, 2012 WL 27500 (Bkrptcy. D. Haw. Jan. 5, 2012). Under Hawai`i law, a person entitled to enforce an instrument includes the "holder" of the instrument. HRS § 490:3–301. A "holder" possesses the note and either (1) the note has been made payable to the person who has it in his possession, or (2) the note is payable to the bearer of the note. HRS § 490:1–201(b)(1).

A person may also be entitled to enforce a note, however, if he is a nonholder in possession of the note who has the rights of a holder. HRS § 490:3–301(ii). Most commonly, this is achieved when the note is "transferred" pursuant to UCC Article 3. *In re Veal*, 450 B.R. at 911. A "transfer" of a negotiable instrument "vests in the transferee any right of the transferor to enforce the instrument." HRS § 490:3–203(b). And a note is transferred "when it is delivered by a person other

19

than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument."  HRS § 490:3–203(a).

There is sufficient evidence in the record – courtesy of Defendants -- to establish that Deutsche Bank is entitled to enforce the Note and is therefore the real party in interest here.  As the Motion (self-defeatingly) explains, the PSA details how Deutsche Bank came to own the Note, more than two years before Home 123's bankruptcy.[11]  Motion at 11-12 (citing Exhibit "U").  NC Capital Corporation bought the Note from Home 123 and then resold it (and others) for inclusion in a securitized trust.  As set forth in the PSA, NC Capital was the "sole owner and holder" of the mortgage loans and indebtedness under the notes.  Exhibit "U" at 78-79.  These loans were then transferred into the Morgan Stanley ABS Capital I Inc. Trust 2007-NC1, Inc., which, as of the PSA's closing, had "good title to the Mortgage Loans[.]"  *Id.* at 84.  And Deutsche Bank, as trustee, "received the original Mortgage Note . . . with all intervening endorsements showing a complete chain of endorsement from originator to the last endorser."  *Id.* at 107.  At minimum,

---

[11] Accordingly, Defendants' arguments pertaining to the bankruptcy and its alleged effect on the Assignment and PSA are immaterial.

813901v2 / 10554-2

the foregoing sufficiently establishes Deutsche Bank's position as the real party in interest to enforce the Note.[12]

Without support, Defendants contend that the Assignment must reflect the loan's entire chain of title. Motion at 12. In fact, as Hawai`i's recording statute makes clear, assignments are not even required to be recorded or evince the entire precedent "chain." HRS § 502-83 provides that:

> All deeds, leases for a term of more than one year, mortgages of any interest in real estate, or other conveyances of real estate within the State, shall be recorded in the bureau of conveyances. Every such conveyance not so recorded is void as against any subsequent purchaser, lessee, or mortgagee, in good faith and for a valuable consideration, not having actual notice of the conveyance of the same real estate, or any portion thereof, or interest therein, whose conveyance is first duly recorded.

There is no requirement that a recorded assignment detail all of the transfers that preceded it.[13] In fact, a mortgage assignment subsequent to a valid transfer of the

---

[12] Hawai`i courts have long recognized that the only facts needed to be established in connection with a foreclosure are: (1) the existence and execution of a note and mortgage; (2) the terms of the note and mortgage; (3) the default of the borrower; and (4) notice of default to borrower. *Bank of Honolulu, N.A. v. Anderson*, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982). An adjudication of Deutsche Bank's right to foreclose is appropriately adjudicated on a substantive motion supported by admissible evidence.

[13] Nor is there any authority for Defendants' position that a purported "conflict" between the Assignment and the PSA "negates [Deutsche Bank's] express 'trustee' basis for standing before this court." Motion at 12.

21

underlying note is mere "surplusage." *In re Wright*, 2012 WL 27500 at *3. Where, as here, the note is validly transferred, the mortgage is automatically transferred as well. *Id.* (citing *In re Veal*, 450 B.R. at 916). Thus, Deutsche Bank succeeded to the mortgagee's interest automatically as soon as it became entitled to enforce the Note via the PSA. *Id.*

### c. Defendants Jurisdictional Arguments are Inextricably Intertwined with the Merits of this Foreclosure Action

The third reason this Court should reject Defendants' standing argument is that it is premised on issues that are inextricably intertwined with the substantive merits of this foreclosure action. Deutsche Bank is seeking to foreclose the Property in order to pay off an undisputed debt. Defendants bring this Motion pursuant to FRCP 12(b)(1) on the theory that Deutsche Bank has no power to foreclose based on purported technical deficiencies with the documents Defendants claim are pertinent to this issue. Whether Deutsche Bank can ultimately foreclose is a factual question going to the merits. And Ninth Circuit case law is clear that where, as here, jurisdictional and substantive issues are intertwined, the "jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine*, 704 F.2d at 1077. As the foregoing discussion reveals, what Defendants purport are jurisdictional facts are, in reality, disputed factual questions as to the ultimate merits of this foreclosure

22

action. The Motion, therefore, must be denied. *Id.* (moving party should prevail "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.").

### C.   Abatement Is Unwarranted Because All Claims In The Prior Action Were Conclusively Adjudicated In Deutsche Bank's Favor

Least compelling of all is Defendants' assertion that this Court should abate because this case involves the same subject matter, facts, and parties as the Prior Action. Motion at 12. As set forth in detail in section II.B, the Prior Action involved affirmative claims of origination misconduct brought by Lei Williams against Deutsche Bank and others. Numerous other parties were involved that are not present here. The subject matter was entirely different. And, most importantly, Deutsche Bank obtained summary and final judgment on all of Lei Williams' claims against it, rendering Defendants' contention that the Prior Action is still pending specious.[14] Judge Mollway's recent rejection of Lei Williams meritless attempts to resurrect her claims against Deutsche Bank in the State Court speaks for itself. *See generally* Exhibit "8." There is no identical action pending and Defendants' abatement argument fails on its face.

---

[14] So too are Defendants' assertions that the Prior Action involved an "identical foreclosure dispute" and that "[n]o final judgment [was] entered in that case." Motion at 13. The Prior Action had nothing to do with foreclosure and final judgment was entered in it. (Prior Action Doc. No. 142).

## IV.   CONCLUSION

For the reasons set forth above, Deutsche Bank respectfully requests

the Court deny the Motion.

DATED:  Honolulu, Hawai`i, February 13, 2012.

        /s/ J. Blaine Rogers
        PAUL ALSTON
        J. BLAINE ROGERS
        Attorneys for Plaintiff
        DEUTSCHE BANK NATIONAL TRUST
        COMPANY, AS TRUSTEE MORGAN
        STANLEY ABS CAPITAL I INC. TRUST
        2007-NC1 MORTGAGE
        PASS-THROUGH CERTIFICATES,
        SERIES 2007-NC1

813901v2 / 10554-2