JAMES J. BICKERTON (3085)
Bickerton Lee Dang & Sullivan
Topa Financial Center
745 Fort Street, Suite 801
Honolulu, Hawaii 96813
Telephone: (808) 599-3811
Facsimile: (808) 533-2467
Email: bickerton@bsds.com

STANLEY H. ROEHRIG (664)
Law Office of Stanley H. Roehrig
101 Aupuni Street, Suite 124
Hilo, Hawaii 96720
Telephone: (808) 969-1441
Email: shroehrig@hawaii.rr.com

Attorneys for Defendants
Leigafoalii Tafue Williams
and Papu Christopher Williams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC1, <br><br> Plaintiff, <br><br> vs. <br><br> LEIGAFOALI'I TAFUE WILLIAMS, fka LEIGAFOALI'I TAFUE KOEHNEN; PAPU CHRISTOPHER | CIVIL NO. 11-00632 JMS RLP <br><br> DEFENDANTS WILLIAMS' **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT** FILED 10/20/11; DECLARATION OF GRETCHEN H. KLUNGNESS; EXHIBITS A - B; CERTIFICATE OF SERVICE <br> (continued on next page) <br><br> Hearing: <br> Date: March 5, 2012, 10:00 am. <br> Judge: J. Michael Seabright |

```
WILLIAMS; REAL TIME              )
RESOLUTIONS, INC.; CAROLYN       )
RUTH KOEHNEN, AS TRUSTEE OF      )
THE CAROLYN R. KOEHNEN           )
REVOCABLE LIVING TRUST U/A,      )
DATED APRIL 14, 1986;  and JOHN  )
DOES 1-5,                        )
                                 )
           Defendants.           )
                                 )
_____ )
```

## DEFENDANTS WILLIAMS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT FILED 10/20/11

### I. INTRODUCTION

Plaintiff Deutsche Bank allege at Paragraphs 15 and 16 of the Complaint herein as follows:

> 15. The Mortgage, as assigned to Plaintiff, constitutes a valid and subsisting first lien upon the property.
> 16. Plaintiff is the holder and owner of the Note and Mortgage.

The purported assignment of the note to Plaintiff is a nullity and a fraud on the Court. In addition, Plaintiff has no prudential standing in this Court on which to base its claim. Therefore, the Motion to Dismiss should be granted.

## II. PLAINTIFF'S CLAIM IS A FRAUD ON THE COURT AND A NULLITY.

Plaintiff's failure to even comment on the bankruptcy context of its assignment is a glaring admission by Plaintiff that its purported assignment on which it bases its claim to foreclose herein is a fraud on the Court and a nullity. It is an undisputed fact that Plaintiff Deutsche Bank is not only a major creditor but also sits on the creditors' committee for the EPD/Breach claims in the Home 123, et al, bankruptcy proceedings, asserting a claim of more than $75 million against the joint debtors. An EPD claim is defined as "a Claim arising under an agreement between one or more of the Debtors and a loan buyer or securitization party[.]" See Exhibit A at page 18 (Exhibit page 3 of 4).

> Fn. 12. On April 9, 2007, the U.S. Trustee appointed the Creditors' Committee, consisting of seven creditors holding claims of various types against different Debtors, "reflecting a broad cross-section of the Debtors' capital structure . . . The Creditors' Committee consists of three creditors of NCFC . . . and four creditors of NCMC ( . . . Deutsche Bank National Trust Company[.]

See Exhibit A at p. 10, fn. 12 (Exhibit page 2 of 4). As such, Plaintiff Deutsche Bank had actual knowledge that without bankruptcy liquidation trustee approval after August 1, 2008, the assignment it promoted was void *ab initio* under Section 362(a) of the bankruptcy code. The Ninth Circuit has held since 1992 that when a bankruptcy creditor promotes the assignment of real property from the debtor in

bankruptcy without proper bankruptcy trustee approval, the purported assignment is void *ab initio*. In re Schwartz, 954 F.2d 569 (U.S. Court of Appeals, Ninth Circuit, 1992). That is still good law. A Ninth Circuit 2010 Idaho case that cites Schwartz, *supra*, is on point herein. In In re Ellis, 441 B.R. 656 (2010) (Idaho), attached hereto as Exhibit B, the debtor in bankruptcy created a post-bankruptcy-petition mortgage in favor of an existing bankruptcy creditor, Suntrust Mortgage, Inc. Ellis holds in part:

> [3] Of course, actions taken in violation of the automatic stay, including those by a creditor to obtain a lien on property of the estate are void ab initio. See §362(a)(4); *In re Schwartz,* 954 F.2d at 571[.]
> [4] ... The Ninth Circuit concluded therein that the fundamental factor in determining whether analysis should proceed under § 362 or § 549 is the identity of the transfer-initiating party. See *id.* at 574...
> If a creditor attempts to create an unauthorized post-petition lien on property of the estate, that transfer is void as a violation of the automatic stay.[1]

---

[1] Plaintiff cannot claim it is a "good faith" purchaser under §549© of the Bankruptcy Code.

> [14] ... Because it had actual, pre-lien-creation knowledge of the commencement of Debtors' bankruptcy case, Suntrust does not qualify as a good faith transferee under §549(c).
> [15][16] Moreover, Suntrust also fails under the second prong of the §549(c) analysis. Under that standard, a transferee must have paid present fair equivalent value for the transferred real property interest. §549(c). The term "present fair equivalent value" has been defined as more exacting than "reasonably equivalent value," and requires that the value given be lose to a property's fair market value. *See Shaw v. County of San Bernardino (In re Shaw),* 157 B.R. 151, 153-154 (9th Cir. BAP 1993).
> Suntrust has not proved that the value it provided to Debtors was equivalent to the fair market value of the transferred property interest.

4

Ellis at 662, 663.

In the case herein, Home 123 did not exist as a debtor in possession or otherwise on January 13, 2009, since all its governance and assets were transferred to Allan Jacobs, the liquidating trustee, on August 1, 2008. See Exhibit D to Motion. The undisputed facts therefore demonstrate that Deutsche Bank, as a major bankruptcy creditor, was the transfer-initiating party without trustee approval.

> [Approval] could have been accomplished in any number of ways, perhaps by introducing evidence that the liquidating trustee permitted assignment of the subject mortgages[s]

New Century Mortgage v. Braxton, 2010 WL 59277 (Mass. Land Ct.) (2010), Exhibit E to the Motion herein at page 5. Plaintiff has had since January 13, 2009, to get verification from Mr. Jacobs that he approved the assignment. More than three years later, none exists. Therefore, the mortgage and note assignment are void *ab initio* pursuant to §362(a), and Plaintiff's actions are a fraud on the Court.

### III. PLAINTIFF DEUTSCHE BANK CANNOT MEET ITS BURDEN OF PROOF THAT IT IS ENTITLED TO FEDERAL COURT PRUDENTIAL STANDING TO ENFORCE ITS PURPORTED $280,000 NOTE AND MORTGAGE.

> [A] party seeking to invoke a federal court's jurisdiction must prove its standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct 2130, 119, L.Ed.2d 351 (1992). This obligation exists

Ellis at 665.

> separate and apart from other elements of a [party's] claim. *See id.* As the Supreme Court explained, because the elements of standing are not mere pleading requirements but rather an indispensable part of the [party's] case, each element must be supported in the same way as any other matter on which the [party] bears the burden of proof, *i.e.* with the manner and degree of evidence required at the successive stages of the litigation.

In re Wilhelm, 407 B.R. 392 (D. Idaho 2009) at 399, 400.

The Braxton case, *supra*, is on point. By reason of the failure of the New Century assignees to prove liquidating trustee approval of the assignment,

> [T]he Plaintiffs have failed . . . to demonstrate their standing and authority to proceed with this action. . . I will direct entry of a judgment of dismissal without prejudice.

Braxton at p. 5.

Plaintiff contends at pg. 17 of its Memorandum in Opposition herein that "Defendants acknowledge Deutsche Bank's claim to ownership of the note which is the basis for Lei Williams' obligation to pay." Plaintiff quotes from the motion herein at pp. 11-12 as follows:

> Finally, Plaintiff Deutsche Bank as the trustee of this trust represents at p. 107 [ of the PSA] of Exhibit U that it has 'received the original Mortgage note. . . with all intervening endorsements showing a complete chain of endorsement from the originator [Home 123] to the last endorser.'

In an effort to actively mislead this Honorable Court, Plaintiff neglects to finish the quote. After the last word of this quote, "endorser," is a footnote that effectively

6

turns Plaintiff's argument on its head. That footnote is fn.1, which states:

> 1. The loan schedules on the 2007 Trust do not itemize any specific mortgage loans or notes that have been securitized.

In other words, who knows what is in the trust? Close scrutiny by this Court of the schedule of loans repeatedly designated in the trust (Exhibit U to the Motion herein) as "Schedule 1" indicate, for example, at p. 76 of 213, that no specific mortgages or notes are identified. The text of the trust refers the reader to the trustee. Likewise, Schedule of Loans 1 at p. 68 of 213 only shows mortgage loans as aggregate amounts, without identification of any specific mortgages or notes included in each aggregate. Similarly, Schedule 1 at p. 211 of 213 also lists mortgage loan amounts without identification of any specific mortgages or notes. In addition, the trustee acceptance letter of promissory notes and mortgages at pp. 106, 107 of 213 are blank insofar as identifying which loans it has received. To be clear with the Court, this trust is the identical trust identified by Plaintiff Deutsche Bank in the Complaint for standing on the mortgage foreclosure claim before this Court.

Plaintiff Deutsche Bank has actual notice in two prior cases involving its failure to demonstrate one way or the other that the note and mortgage sought to be foreclosed were included in the trust agreement. Therefore, the court in both cases

dismissed its claims that it had standing to foreclose mortgages that it could not prove were either within or without the trust PSA in question. The court in In re Jones, 2008 WL 4539486 (Bkrtcy.D.Mass) (2007) held that the debtor's motion for summary judgment regarding the lack of standing by Deutsche Bank was granted. The court concluded that it could not tell one way or the other whether the mortgage in question was ever included in the PSA trust. Likewise, in In re Hayes, 393 B.R. 259 (D. Massachusetts) (2008), the bankruptcy court again held that since Deutsche Bank, the REMIC trustee, failed to include a Mortgage Loan Schedule 1 in evidence that specifically included the mortgage loan sought to be foreclosed, Deutsche Bank as trustee lacked standing to foreclose. The court held that since Deutsche Bank failed to trace the location of the loan that it lacked standing. In re Hayes, *supra*, at 265, 268.

The Hon. Judge Susan Oki Mollway has also held that if and when Plaintiff Deutsche Bank seeks to foreclose on its purported mortgage on Defendants Williams' premises, it must demonstrate to the court that it has appropriate standing to do so. This identical foreclosure matter on Defendants Williams' property was before the U.S. District Court for the State of Hawai`i, the Hon. Susan Oki Mollway, from November 9, 2010, until May 25, 2011, in Civil No. 09-00535 SOM/KSC. In Judge Mollway's final Order Granting Deutsche Bank

8

National Trust Company's Motion for Summary Judgment on Count 12 (ECF No. 90); Order Granting Real Time Resolution, Inc's Motion for Summary Judgment on Counts 14 and 15 (ECF No. 96); Order Denying Plaintiff's Motion for Partial Summary Judgment (ECF No. 93); Order Remanding State Law Claims Against Dawn Rickard and Home 123 Corporation to State Court, entered May 25, 2011, Judge Mollway's holding at pp. 12 - 13 states in part as follows:

> To the extent Williams opposes the motions for summary judgment <u>by arguing that neither Deutsche Bank nor Real Time has proven entitlement to enforce their notes and mortgages,</u> this court rejects Williams' arguments. This court rejected that argument earlier, and Williams may not now relitigate it. . . . This court has already ruled that <u>Deutsche Bank and Real Time are allowed to seek summary judgment on the affirmative claims asserted against them by Williams without first proving that they are the holders of the relevant notes and mortgages.</u>
>
> <u>Plaintiffs are confused about the doctrine of legal standing.</u> Plaintiffs believe that, because Deutsche Bank and Real Time have not proven that they have standing to enforce the loan documents, they lack standing to seek summary judgment on the affirmative claims asserted against them. <u>Had Deutsche Bank or Real Time filed affirmative claims to enforce the notes and mortgages, they would have had to establish their legal right to enforce those documents.</u> However, Williams has sued Deutsche Bank and Real Time, and the banks are merely seeking a determination that they are not liable to Williams for the claims Williams asserts against them. The banks need not establish that they are the legal owners of Williams' loan before they defend against Williams's claims. <u>"Standing" is a plaintiff's requirement</u>, and Williams misconstrues the concept in arguing that Defendants must establish "standing" to defend themselves. [*emphasis added*]

9

## IV. PLAINTIFF HAS NOT DEMONSTRATED THAT IT IS THE HOLDER OF THE NOTE AND IT THEREFORE HAS NO STANDING TO FORECLOSE ON SAME.

Plaintiff makes principal reliance on the U.S. Bankruptcy Appellate Panel of the Ninth Circuit Opinion in In re Veal, 450 B.R. 897 (2011) for its standing argument to foreclose. A close reading of the Veal decision demonstrates as a matter of law that Plaintiff has no prudential standing to foreclose. Plaintiff attaches a copy of Defendants' promissory note to the Complaint herein as Exhibit 1. Examination of the note reflects that there is no endorsement page attached. Thus, the note does not reflect the identity of the present holder. The court held in Veal:

> The record is devoid of any endorsement of the note from Option One to Wells Fargo.

Veal at 905. To enforce the note, Plaintiff must prove that it is the holder. Veal at 910, 911. The court further held that Wells Fargo was not entitled to lifting of the automatic stay in bankruptcy because it could not prove that it had interest in the note as a holder. In addition, it could not prove that it had actual possession of the note. Veal at 917, 918. Accordingly, Veal held that the bankruptcy court had erred when it granted Wells Fargo's motion for relief from stay which would have allowed it to foreclose.

Plaintiff Deutsche Bank relies on a recent decision by local Bankruptcy Judge Faris in In re Wright, 2012 WL 27500 (D.Haw.Bankruptcy 2012). The case is readily distinguishable insofar as the lender was able to demonstrate that it had physical possession of the validly-endorsed note from a very early date and Judge Faris was not asked to consider whether the claimed assignment of the note required bankruptcy court approval, as discussed in Section II above. Despite having In re Wright as a guide to encourage it to present this Court with the original note and the proper endorsement, Deutsche Bank has failed to do this. The failure is telling.

### V. CONCLUSION

Based on the above, the Motion to Dismiss should be granted.

DATED: Honolulu, Hawaii, February 17, 2012.

/S/ James J. Bickerton
Attorney for Defendants
Leigafoalii Tafue Williams and Papu Christopher Williams