IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC1,<br><br>        Plaintiff,<br><br>    vs.<br><br>LEIGAFOALII TAFUE WILLIAMS, fka LEIGAFOALII TAFUE KOEHNEN; PAPU CHRISTOPHER WILLIAMS; REAL TIME RESOLUTIONS, INC.; CAROLYN RUTH KOEHNEN, AS TRUSTEE OF THE CAROLYN R. KOEHNEN REVOCABLE LIVING TRUST U/A, DATED APRIL 14, 1986; and JOHN DOES 1-5,<br><br>        Defendants.| CIVIL NO. 11-00632 JMS/RLP<br><br>ORDER GRANTING DEFENDANTS WILLIAMSES' MOTION TO DISMISS COMPLAINT FILED 10/20/11, DOC. NO. 13 |

**<u>ORDER GRANTING DEFENDANTS WILLIAMSES' MOTION TO DISMISS COMPLAINT FILED 10/20/11, DOC. NO. 13</u>**

**I. <u>INTRODUCTION</u>**

On October 20, 2011, Plaintiff Deutsche Bank National Trust

Company, as Trustee Morgan Stanley ABS Capital I Inc. Trust 2007-NC1

Mortgage Pass-Through Certificates, Series 2007-NC1 ("Plaintiff" or "Deutsche

Bank") filed this foreclosure action against Leigafoalii Tafue Williams, fka Leigafoalii Tafue Koehnen ("Lei Williams") and Papu Christopher Williams ("Papu Williams") (collectively, the "Williamses"); Real Time Resolutions, Inc. ("Real Time"); and Carolyn Ruth Koehnen, as Trustee of the Carolyn R. Koehnen Revocable Living Trust U/A, dated April 14, 1986 ("Koehnen").  Plaintiff asserts that it is holder of a Mortgage and Note on real property located at 45 Lama Street, Hilo, Hawaii 96720 (the "subject property") and that Lei Williams, the mortgagor, defaulted such that Plaintiff is entitled to foreclose.

         Currently before the court is the Williamses' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), in which they argue, among other things,[1] that Plaintiff has no standing to foreclose because it has not established that it was validly assigned the Mortgage and Note.  Based on the following, the court agrees that Plaintiff has not established its standing to foreclose and therefore GRANTS the Williamses' Motion to Dismiss.

///

///

///

---

[1] Because the court finds that Plaintiff has failed to establish its standing to bring this action, the court need not reach the Williamses' other arguments for dismissal.

## II. BACKGROUND

### A. Factual Background

As alleged in the Complaint, on August 17, 2006, Lei Williams entered into a mortgage transaction with Home 123 Corporation ("Home 123") for $280,000, secured by the subject property.[2]  Compl. ¶¶ 10-11.  Although the mortgage requires the lender's written consent prior to the transfer of any legal or beneficial interest in the subject property, on October 31, 2007 Lei Williams conveyed the subject property to herself and Papu Williams as tenants by the entirety without written notice to the lender.  *Id.* ¶¶ 12-13.

The Complaint asserts that by instrument dated January 13, 2009 and recorded in the State of Hawaii Bureau of Conveyances on January 21, 2009, the Mortgage and Note were assigned from Home 123 to Plaintiff.  *See id.* ¶ 14; Compl. Ex. 4.  Lei Williams has allegedly failed to pay the Note in accordance with its terms, resulting in her owing $358,409.37 as of October 1, 2011.  Compl. ¶ 19.  Plaintiff therefore asserts that it is entitled to foreclose on the Mortgage and, if appropriate, obtain a deficiency judgment.  *Id.* ¶ 21.  Plaintiff further asserts that Lei Williams' transfer of the subject property to Papu Williams and herself as

---

[2] According to the Complaint, Real Time and Koehnen are second and third mortgage holders, respectively.  *See* Compl. ¶¶ 5-6.

tenants by the entirety was fraudulent and should be voided to the extent necessary to satisfy the amounts due and owing under the Mortgage and Note. *Id.* ¶¶ 25-27.

**B.      Procedural Background**

On October 20, 2011, Plaintiff filed this action asserting claims for breach of contract and fraudulent transfer.

On December 19, 2011, the Williamses filed their Motion to Dismiss pursuant to Rule 12(b)(1). Plaintiff filed an Opposition on February 13, 2012, and the Williamses filed a Reply on February 7, 2012. A hearing was held on March 27, 2012.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.

A Rule 12(b)(1) jurisdictional attack is either facial (attacking the sufficiency of the complaint's allegations to invoke federal jurisdiction) or factual (disputing the truth of the allegations of the complaint). *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack "[w]here the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill Publ'g Co., Inc. v. Gen.*

4

*Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In such case, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself" the existence of subject matter jurisdiction. *Id.*

> Where, however,
>
> the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial.

*Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Where "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment." *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) (quoting *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987)); *see also Augustine*, 704 F.2d at 1077; *Careau Grp. v. United Farm Workers*, 940 F.2d 1291, 1293 (9th Cir. 1991). "The Court 'must therefore determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact . . . .'" *Autery*, 424 F.3d at 956 (quoting *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003) (en banc));

*see also Roberts v. Corrothers*, 812 F.2d 1173, 1777 (9th Cir. 1987) ("In such a case, the district court assumes the truth of allegations in a complaint or habeas petition, unless controverted by undisputed facts in the record.").

## IV. **DISCUSSION**

Standing is a requirement grounded in Article III of the United States Constitution, and a defect in standing cannot be waived by the parties. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). A litigant must have both constitutional standing and prudential standing for a federal court to exercise jurisdiction over the case. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Constitutional standing requires the plaintiff to "show that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress." *Id.* at 12. In comparison, "prudential standing encompasses the general prohibition on a litigant's raising another person's legal rights." *Id.* (citation and quotation signals omitted); *see also Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 971 (9th Cir. 2009).

The Williamses factually attack Plaintiff's prudential standing to foreclose, arguing that there is no evidence establishing that Plaintiff was validly assigned the Mortgage and Note on the subject property. The issue of whether Plaintiff was validly assigned the Mortgage and Note is inextricably intertwined

with the merits of the Plaintiff's claims seeking to foreclose on the subject property -- that is, Plaintiff must prove that it was assigned the Mortgage and Note before it has the ability to foreclose. As a result, the court determines whether the evidence presented, viewed in a light most favorable to Plaintiff, establishes a genuine issue of material fact that Plaintiff was validly assigned the Mortgage and Note. *See Autery*, 424 F.3d at 956.

The basis of Plaintiff's standing to foreclose on the subject property (at least as alleged in the Complaint) is a January 13, 2009 assignment of the Mortgage and Note from Home 123 to Plaintiff. The assignment, attached to the Complaint, provides:

> This Assignment, made this 13th day of January, 2009, by and between Home 123 Corporation, a California corporation, hereinafter called the "Assignor", and Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc., MSAC 2007-NC1, whose principal place of business and post office address is c/o Saxon Mortgage Services, Inc., 4708 Mercantile Dr. N., Forth Worth TX 76137-3605, hereinafter called the "Assignee."
> WITNESSETH:
> In consideration of the sum of ONE DOLLAR ($1.00) and other valuable consideration paid by the Assignee, the receipt of which is hereby acknowledged, the Assignor does hereby, without recourse, sell, assign, transfer, set over and deliver unto the Assignee, its successors and assigns, the mortgage and note hereinafter described . . . .

Compl. Ex. 4.

The Williamses argue that this assignment cannot be valid because Home 123 was in bankruptcy liquidation as of January 13, 2009. Specifically, Home 123 filed for Chapter 11 bankruptcy in 2007, Home 123 filed a liquidation plan in March 2008, and the bankruptcy court confirmed the liquidation plan in July 2008. *In re New Century TRS Holdings, Inc.*, 407 B.R. 576, 579-80 (Bankr. D. Del. 2009). Effective August 1, 2008, the liquidation plan:

> was created with Alan M. Jacobs as trustee. Also on that date, the Creditors' Committee was dissolved; the Plan Advisory Committee (the "PAC") was formed; debtors' officers and directors ceased serving and were replaced by Jacobs; debtors' assets were distributed to the liquidating trust; and NCFC's outstanding common and preferred stock, as well as all notes, securities, and indentures, were cancelled.

*Id.* at 585-86 (citations omitted). Given this liquidation, it appears that Home 123 *could not* have validly assigned the Mortgage and Note to Plaintiff on January 13, 2009. And in Opposition, Plaintiff presents no evidence (or even argument) explaining how this January 13, 2009 assignment is valid despite Home 123's bankruptcy and liquidation. In fact, Plaintiff argues -- without factual support -- that NC Capital Corporation ("NC Capital") first bought the Note from Home 123 and Plaintiff subsequently received it through a securitized trust. *See* Pl.'s Opp'n at 20. And at the hearing, Plaintiff's counsel inexplicably stated that discovery is

required to determine the Note's assignment, even though all facts concerning any valid assignment should certainly be known to Plaintiff without having to conduct discovery. In other words, even Plaintiff, who is master of its Complaint and by all accounts should know the basis of its claims, apparently disclaims the allegations in the Complaint and at this time cannot establish its legal right to enforce the Mortgage and Note.

The Complaint's assertion that Plaintiff obtained the Mortgage and Note through the January 13, 2009 assignment is further called into doubt by the fact that Plaintiff brings this action as "Trustee Morgan Stanley ABS Capital I Inc. Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC-1" -- suggesting (as Plaintiff now argues) that Plaintiff may have received the Mortgage and/or Note through a Pooling and Servicing Agreement ("PSA") in 2007. From the evidence presented by the Williamses (Plaintiff presented no evidence on standing in Opposition), Home 123 generally sold mortgages to its affiliate NC Capital, who then resold the mortgages for inclusion into securitized trusts. *See* Williamses' Ex. G at 4 ¶¶ 9, 11. And NC Capital and Morgan Stanley ABS Capital I Inc., with Plaintiff as trustee, entered into a PSA dated January 1, 2007. *See* Williamses' Ex. U. The PSA requires NC Capital to deliver to Plaintiff assignments of mortgage for each mortgage loan, and for Plaintiff to certify

9

"receipt of a Mortgage Note and Assignment of Mortgage for each applicable Mortgage Loan." *Id.* at 41-42.

This evidence presents two problems for Plaintiff. First, if Plaintiff did indeed obtain the Mortgage and Note through a 2007 PSA, then the 2007 PSA is yet *another* reason why the January 13, 2009 assignment is a nullity and the Complaint's assertion that Plaintiff obtained the Mortgage and Note from Home 123 is untrue. Second, the evidence presented does not actually establish that Plaintiff received the Mortgage and Note through the PSA -- there is no evidence on the record establishing what mortgages were included in the PSA. Thus, although Plaintiff *might* have obtained the Mortgage and Note through this PSA, there is *no* evidence showing or even suggesting that this is indeed the case. As a result, there is no evidence -- at least on the record presented before the court -- creating a genuine issue of material fact that Plaintiff was assigned the Mortgage and Note on which it now seeks to foreclose.

In opposition, Plaintiff argues that the Williamses are not parties or beneficiaries to the assignment such that they cannot challenge it. In making this argument, Plaintiff relies on caselaw from this court rejecting that a plaintiff/mortgagee can assert claims raising assignment irregularities and/or noncompliance with a PSA. *See Fed. Nat'l Mortg. Ass'n v. Kamakau*, 2012 WL

622169, at *3-4 (D. Haw. Feb. 23, 2012) (relying on *Velasco v. Sec. Nat'l Mortg. Co.*, --- F. Supp. 2d ----, 2011 WL 4899935, at *4 (D. Haw. Oct. 14, 2011), to reject "slander of title" claim challenging assignment of the note and mortgage because where the borrower is not a party or intended beneficiary of the assignment, he cannot dispute the validity of the assignment); *Abubo v. Bank of New York Mellon*, 2011 WL 6011787, at *8 (D. Haw. Nov. 30, 2011) (rejecting claim asserting violation of a PSA because a third party lacks standing to raise a violation of a PSA and noncompliance with terms of a PSA is irrelevant to the validity of the assignment).

Plaintiff's argument confuses a borrower's, as opposed to a lender's, standing to raise affirmative claims. In *Williams v. Rickard*, 2011 WL 2116995, at *5 (D. Haw. May 25, 2011), -- which involved the same parties in this action and in which Lei Williams asserted affirmative claims against Deutsche Bank -- Chief Judge Susan Oki Mollway explained the difference between the two:

> [Lei Williams is] confused about the doctrine of legal standing. [Lei Williams] believe[s] that, because Deutsche Bank and Real Time have not proven that they have standing to enforce the loan documents, they lack standing to seek summary judgment on the affirmative claims asserted against them. ***Had Deutsche Bank or Real Time filed affirmative claims to enforce the notes and mortgages, they would have had to establish their legal right to enforce those documents***. However, Williams has sued Deutsche Bank and Real Time, and

11

> the banks are merely seeking a determination that they
> are not liable to Williams for the claims Williams asserts
> against them. The banks need not establish that they are
> the legal owners of Williams's loans before they defend
> against Williams's claims. "Standing" is a plaintiff's
> requirement, and Williams misconstrues the concept in
> arguing that Defendants must establish "standing" to
> defend themselves.

(emphasis added). In this action, the proverbial shoe is on the other foot -- Deutsche Bank asserts affirmative claims against the Williamses seeking to enforce the Mortgage and Note, and therefore must establish its legal right (*i.e.*, standing) to do so. *See, e.g.*, *IndyMac Bank v. Miguel*, 117 Haw. 506, 513, 184 P.3d 821, 828 (Haw. App. 2008) (explaining that for standing, a mortgagee must have "a sufficient interest in the Mortgage to have suffered an injury from [the mortgagor's] default"). As explained above, Deutsche Bank has failed to do so. The court therefore GRANTS the Williamses' Motion to Dismiss.

This dismissal is without prejudice. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction."); *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a

competent court."). Although the court considered materials outside of the Complaint and applied the summary judgment standard in determining whether Plaintiff had established its standing, the Williamses brought a Motion to Dismiss for lack of subject matter jurisdiction and not a motion for summary judgment. *See Atkins v. Louisville and Nashville R. Co.*, 819 F.2d 644, 647 (6th Cir. 1987) (stating that even where the court considered materials outside the pleadings, it made clear that dismissal was without prejudice and did not contemplate the entering of summary judgment); *Thompson v. United States*, 291 F.2d 67, 68 (10th Cir. 1961) ("A motion for summary judgment lies whenever there is no genuine issue as to any material fact. It is not a substitute for a motion to dismiss for want of jurisdiction."). Thus, this dismissal does not prevent Plaintiff from performing due diligence (as it should have done before filing the instant Complaint) to determine whether and how it validly received the Mortgage and Note and bringing a new action seeking foreclosure.

///

///

///

///

## V.  CONCLUSION

Based on the above, the court GRANTS the Williamses' Motion to Dismiss.  The court DISMISSES the Complaint without prejudice.  The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 29, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Deutsche Bank Nat'l Trust Co., as Trustee Morgan Stanley ABS Capital I Inc. Trust 2007-NC1 Mortg. Pass-Through Certificates, Series 2007-NC-1 v. Williams et al.*, Civ. No. 11-00632 JMS/RLP, Order Granting Defendants Williamses' Motion to Dismiss Complaint Filed 10/20/11, Doc. No. 13